**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NORTHERN NATURAL GAS COMPANY,

               Plaintiff,

v.

Approximately **9117.53** acres in Pratt, Kingman, and Reno Counties, Kansas, and as further described herein;

**Tract No. 1062710** containing 80.00 acres more or less, located in Kingman County, Kansas, and as further described herein; et al.

               Defendants.

**Case No.** 10-CV-1232-WEB-DWB

**MOTION TO DISMISS COUNTERCLAIMS OF CERTAIN DEFENDANTS AND MOTION TO STRIKE PORTIONS OF CERTAIN DEFENDANTS' ANSWERS**

Northern Natural Gas Company ("Northern") hereby moves this Court for an Order: (1) dismissing the Counterclaims of Certain Defendants pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and/or 71.1(e); and (2) striking Certain Defendants' Answers to Northern's Complaint for Condemnation pursuant to Federal Rule of Civil Procedure 12(f). In support of its Motions, Northern states as follows:

     1.     Northern is a natural gas company as defined by the Natural Gas Act ("NGA"), 15 U.S.C. § 717. Northern is the owner and operator of an underground natural gas storage facility in Pratt, Reno, and Kingman Counties, Kansas, known as the "Cunningham Storage Field."

     2.     This is a civil action brought pursuant to the eminent domain procedures of the NGA, Federal Rules of Civil Procedure 71.1, including 71.1(e), and the June 2, 2010 Order

Issuing Certificate granted by the Federal Energy Regulatory Commission in Docket No. CP09-465-000 ("2010 Certificate Order").

3.     This action has been brought by Northern for the taking of certain rights, interests, and/or property under the power of eminent domain, and for the determination and award of just compensation to the owners and parties of interest.

4.     As discussed in greater detail in Northern's Complaint for Condemnation, the 2010 Certificate Order, "authorize[ed] expansion of Northern's certificated buffer zone to include the Viola and Simpson Formation" in Pratt, Reno, and Kingman Counties, Kansas.  *See* 2010 Certificate Order, ¶ 95(A).   This expansion increased the certificated boundary of the Cunningham Storage Field by approximately 12,320 acres (approximately, 9117.53 acres of which are the subject of this litigation), and is referred to herein as the "Authorized Expansion Area."

5.     Northern alleges in its Complaint that "[u]pon information and belief, the amount claimed by the owners and parties of interest for the property, rights, and/or interests to be condemned exceeds $3,000.00."  *See* Doc. 1 at ¶ 6.

6.     In order to promote efficiency and judicial economy, Defendants are defined as follows:

GROUP A:

"Group A" Defendants are identified by interest owner and tract number on the attached Exhibit A, which was attached as Exhibit A to Group A's Answer.  *See* Doc. 107. Additionally, Group A is represented by Daniel E. Lawrence and Gordon B. Stull.

<u>GROUP B</u>:

"Group B" Defendants consist of Defendants Deloris M. Hudson; Kenneth L. Hudson; Duane H. Leroux; Evelyn B. Leroux; Dale E. Martin; Pleasant Valley Cemetery in care of Kermit L. Brown; Meryl J. Trinkle; Morgan J. Trinkle; Velma Trinkle; Theresa Beat; Brown Brothers, a Kansas General Partnership made up of Kermit Brown and Stanton L. Brown; Jane A. Brown; Jason Leroux; Dale E. Leroux; Donald Leroux; Gary Martin; Dale Martin; Kermit Brown; Stanton Brown; and Estate of Darrell Dean Dyche.  Even though Group B did not identify the nature and extent of its interests within the Authorized Expansion Area as required by Federal Rule of Civil Procedure 71.1(e)(1)(B), Northern's Complaint alleges and its records show that any one of the interest owners in Group B may have or claim to have an interest in one or more of the following tracts of land: Tract Nos. 1222611; 3232611; 2242611; 2252611; 2302610; 1352611; 2352611; 1362611; 2032711; and 1092711.   Additionally, Group B is collectively represented by John V. Black.

<u>GROUP C</u>:

"Group C" Defendants consist of Defendants Margaret Meireis, Trustee of the Margaret Meireis Revocable Trust; Warren Meireis and Adonis Meireis, Co-Trustees of the Warren Meireis Revocable Trust; Adonis Meireis and Warren Meireis, Co-Trustees of the Adonis Meireis Revocable Trust; Sonja Staab; Larry Riffey and Brenda Riffey; Joan Dickson; Merlin Mardis Estate; and Wayne Williams.  Even though Group C did not identify the nature and extent of its interests within the Authorized Expansion Area as required by Federal Rule of Civil Procedure 71.1(e)(1)(B), Northern's Complaint alleges and its records show that any one of the interest owners in Group B may have or claim to have an interest in one or more of the following tracts of land:  Tract Nos. 4232611; 5232611; 2342611; 3242611; 4252611; 3302610; 1312610;

2312610; 3332611; 5352611; and 2012711.  In addition, Group C Defendants are collectively represented by Robert R. Eisenhauer.

For ease of reference, Group A, Group B, and Group C defendants may also be referred to collectively as "Landowner Defendants."

L.D. GROUP:

The L.D. Group Defendants consist of Defendants L.D. Drilling, Inc.; L.D. Davis; Paul J. Beaver; Carl Dudrey; HJB, Inc.; Jandie Oil Co., Inc.; Larry E. Keenan; Timothy R. Keenan; Ivan W. Milton; Lisa M. Milton; William L. Milton; Tammy L. Milton; Kim B. Shoemaker; Nancy H. Shoemaker; Whitetail Energy, Inc.; and Steven E. Young, hereinafter collectively referred to as "the L.D. Group," in their own capacities and in their capacities as owners of property interests in or appurtenant to Tracts Nos. 1252611; 1262611; 1272611; 1342611; 1352611; 1362611; 2242611; 2252611; 2262611; 2352611; 2362611; 3242611; 3252611; 3332611; 3342611; 3362611; 4232611; 4242611; 4262611; 4332611; and 5352611.  Additionally, the L.D. Group is represented by Jim H. Goering and Timothy B. Mustaine.

VAL ENERGY GROUP:

The VAL Energy Group Defendants consist of Defendants Allam Exploration, LLC; Apollo Energies, Inc.; Robert P. Bayer, II; Hastings Oil & Gas Properties; Lies Exploration, LLC; David Munro; Brenda Brown Riffey; Larry D. Riffey; Dale L. Smith and Mae D. Smith Revocable Trust dated 12-5-07; Eric D. Stinson Trust; Val Energy, Inc.; and Vosburgh Exploration, hereinafter collectively referred to as the "VAL Energy Group," in their own capacities and their capacities as owners of property interests in or appurtenant to Tract Nos. 1062710; 1312610; 2312610; 3062710; 3302610; 3312610; 4252611; and 4302610.  The VAL Energy Group is represented by Jeffery L. Carmichael and Will B. Wohlford.

For ease of reference, all Defendant groups may also be referred to collectively as "Certain Defendants."

7.     Prior to filing this action, Northern issued an offer to Certain Defendants to acquire their applicable interests, rights, or property within the Authorized Expansion Area. Northern issued its offers to all known interest owners, including interest owners in the Landowner Defendant Group, the L.D. Group, and the VAL Energy Group on or about June 3, 2010.  Unfortunately, Northern was unable to acquire Certain Defendants' interests by agreement or otherwise unable to agree with Certain Defendants as to the compensation.

**A.**     **Motion to Dismiss Counterclaims of Landowner Defendants and L.D. Group**

8.     Paragraphs 1-6 are incorporated by reference as though fully set out below.

9.     In a condemnation action brought pursuant to the NGA, such as this action, a federal court is required to apply and follow Federal Rule of Civil Procedure 71.1 on procedural issues without regard to state procedural rules.  *See Kan. Pipeline Co., v. A 200 Foot By 250 Foot Piece of Land,* 210 F. Supp. 2d 1253, 1258 (D. Kan. 2002).

10.     In an eminent domain proceeding under the NGA, the federal district court applies Federal Rule 71.1 and its sole function is to order condemnation in accordance with a FERC certificate.  *Kan. Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land, et al.,* 210 F. Supp. 2d 1253, 1256 (D. Kan. 2002) (citing *Williams Natural Gas Co. v. City of Okla. City,* 890 F.2d 255, 264 (10th Cir. 1989)).  Along these lines, "[t]he district court lacks jurisdiction to review the validity and/or conditions of a FERC Certificate."  *Kan. Pipeline Co.*, 210 F. Supp. 2d at 1256 (citing *Williams Natural Gas Co.,* 890 F.2d at 262).  The eminent domain authority granted to the federal district courts under the NGA does not provide the interest owner with an additional forum to attack the substance and validity of the FERC Order.  *Id.*  "Once the holder

of a FERC certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings in the FERC certificate are treated as conclusive." *Id.* Consistent with this analysis, the Tenth Circuit has directed that the district court's function at this stage under the NGA is one of enforcement. *Williams Natural Gas Co.,* 890 F. 2d at 264. Applying this same analysis, other courts have held that "[t]he District Court's sole charge and authority is to evaluate the scope of the FERC Certificate and order condemnation in accordance with that scope." *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998) (referencing *Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 749 F. Supp. 427, 430 (D.R.I. 1990)).

11.     Ultimately, Rule 71.1(e) provides the condemnation defendant two options: (1) file a Notice of Appearance; or (2) file an Answer. *See Kan. Pipeline Co.,* 210 F. Supp. 2d at 1258. If the condemnation defendant elects to file an Answer, Rule 71.1(e) makes clear that the defendants' answer **must:** (1) identify the property in which the defendant claims an interest; (2) state the nature and extent of the interest; and (3) state all of the defendant's objections and **defenses to the taking**. *See* FRCP 71.1(e)(2)(A)-(C) (emphasis added); *see also Kan. Pipeline Co.,* 210 F. Supp. 2d at 1258. Indeed, the Rule continues and makes clear that "no other pleading or motion asserting an additional objection or defense is allowed." *See* FRCP 71.1(e)(3); *Kan. Pipeline Co.,* 210 F. Supp. 2d at 1258. "In other words, counterclaims are not permitted." *Kan. Pipeline Co.,* 210 F. Supp. 2d at 1258. A district court presiding over a condemnation action filed under the authority of the NGA and pursuant to Federal Rule 71.1 has no jurisdiction to hear any other claims. *Id.*

12.     Applying the case law referenced above and in Northern's Memorandum in Support of its Motion to Dismiss, Landowner Defendants' and the L.D. Group's counterclaims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 71.1(e).

THEREFORE, for the reasons set forth above, Landowner Defendants' and the L.D. Group's counterclaims, including its counterclaims for Trespass, Nuisance, Inverse Condemnation, and/or Fair Rental Value of Storage should be dismissed.

**B.     Motion to Dismiss Counterclaim for Fair Rental Value of Storage by Group A and Group C Defendants**

13.     Paragraphs 1-6 are incorporated by reference as though fully set out below.

14.     Neither Kansas law nor Kansas statutes provide a cause of action for "fair rental value of storage." Rather, "fair rental value of storage" might conceivably prove to be a means for measuring damages in an eminent domain proceeding or action for trespass. *See, e.g.*, K.S.A. 26-513, K.S.A. 55-1205; *Beck v. Northern Natural Gas Co.*, 170 F.3d 1018, 1024 (10th Cir. 1999); *Union System Inc. v. Carnahan*, 774 P.2d 962, 969-72 (Kan. 1989), *superseded by statute on other grounds*.

15.     Accordingly, Northern respectfully requests that this Court dismiss the counterclaims of Group A and Group C defendants for "Fair rental value of storage."

THEREFORE, Northern respectfully requests that the Court enter an order dismissing the Counterclaims by the Group A and Group C Defendants for failure to state a claim upon which relief may be granted.

**C.     Motion to Strike Certain Portions of Certain Defendants' Answers**

16.     Paragraphs 1-6 are incorporated by reference as though fully set out below.

17.     As previously stated, Rule 71.1(e) provides the condemnation defendant two options: (1) file a Notice of Appearance; or (2) file an Answer. *See Kan. Pipeline Co.,* 210 F.

Supp. 2d at 1258. If the condemnation defendant elects to file an Answer, Rule 71.1(e) makes clear that the defendants' answer **must:** (1) identify the property in which the defendant claims an interest; (2) state the nature and extent of the interest; and (3) state all of the defendant's objections and **defenses to the taking**. *See* FRCP 71.1(e)(2)(A)-(C) (emphasis added); *see also Kan. Pipeline Co.,* 210 F. Supp. 2d at 1258. Indeed, the Rule continues and makes clear that "no other pleading or motion asserting an additional objection or defense is allowed." *See* FRCP 71.1(e)(3); *Kan. Pipeline Co.,* 210 F. Supp. 2d at 1258. "In other words, counterclaims are not permitted." *Kan. Pipeline Co.,* 210 F. Supp. 2d at 1258.

18.     Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

19.     Certain Defendants failed to file a notice of appearance or answer in the manner provided by Federal Rule of Civil Procedure 71.1. Rather, Certain Defendants filed Answers to Northern's Complaint for Condemnation in which some or all of Certain Defendants : (1) fail to identify the property or properties in which they claim an interest; (2) fail to state the nature and extent of their interests; (3) improperly assert objections and/or defenses that do not constitute defenses to the taking; (4) identify various property interests which are located outside the Authorized Expansion Area; and/or (5) improperly assert counterclaims for trespass, nuisance, inverse condemnation, and/or fair rental value of storage. *See generally* Docs. 105, 106, 107, 108, and 114.

20.     Applying the law referenced above and in Northern's Memorandum in Support of its Motion to Strike, Certain Defendants' answers contain insufficient and immaterial matters, and fail to comply with the provisions of Rule 71.1(e). As a result, the portions of Certain

Defendants' answers identified below in Northern's Prayer for Relief and in Northern's Memorandum in Support should be stricken. *See* Prayer for Relief; Memorandum in Support, ¶ 7. To the extent Certain Defendants' counterclaims are asserted as objections or defenses to the taking, such counterclaims are equally insufficient, immaterial, and impertinent and should be similarly stricken.

THEREFORE, for the reasons set forth above, the following matters should be stricken from Certain Defendants' respective answers to Northern's Complaint for Condemnation:

GROUP A:

a.  A Counterclaim for Trespass, including an argument that Northern is a "bailee" of natural gas injected and stored in the Cunningham Gas Storage Field, an argument regarding the migration of gaseous hydrocarbons and other fluids owned by Northern onto Group A's property; an argument that if Northern is adjudged to be owner or "bailee" of such gas, then entry and storage of such gas on Group A's property was, "unauthorized," and "without the consent" of Defendants and constitute trespass upon the property of Group A; and that Northern is responsible for Group A's attorneys' fees. *Id.* ¶¶ 69 – 71.

b.  A Counterclaim for Nuisance, including arguments that Northern has wrongfully interfered with and injured Group A's property interests, and that Northern is responsible for Defendants' attorneys' fees. *Id.* ¶¶ 72 – 73.

c.  A Counterclaim for Inverse Condemnation for property rights beyond the scope of the condemnation authorized by the Certificate Order, including an argument that Northern has obtained oil and gas leases, and gas storage leases, on properties located beyond the boundaries of the Cunningham Storage Field; and an argument that

Northern's activities have impaired and interfered with Group A's beneficial use, development, and enjoyment of their properties and property rights, and have impaired and diminished the value of such properties, which are in addition to those for which Northern proposes to make compensation under eminent domain. *Id.* ¶¶ 74 – 80.

        d.       A Counterclaim for the Fair Rental Value of Storage. *Id.* ¶¶ 81 - 84.

        e.       A Prayer for Relief, including a determination that Northern's actions constituted willful and wanton trespass, nuisance, and inverse condemnation of Group A's property interests. *Id.* at Second Prayer for Relief (a).

        f.       A Prayer for Relief, including a judgment in Group A's favor and against Northern for the fair rental value of gas storage, actual damages, punitive damages, costs, and attorneys' fees. *Id.* at Prayer for Relief (c).

GROUP B:

        a.       A Counterclaim for Nuisance, including arguments that Northern has wrongfully interfered with and injured Group B's property interests, and that Northern is responsible for Group B's attorneys' fees. *Id.* ¶¶ 69 - 70.

        b.       A Counterclaim for Inverse Condemnation for property rights beyond the scope of the condemnation authorized by the Certificate Order, including an argument that Northern has obtained oil and gas leases, and gas storage leases, on properties located beyond the boundaries of the Cunningham Storage Field; and an argument that Northern's activities have impaired and interfered with Group B's beneficial use, development, and enjoyment of their properties and property rights, and have impaired and diminished the value of such properties, which are in addition to those for which Northern proposes to make compensation under eminent domain. *Id.* ¶¶ 71– 77.

c. A Prayer for Relief, including a dismissal for failure to use diligence in locating property owners within the area and joining all proper parties; that compensation issues be determined by a jury; and that Group B be granted judgment against Northern for inverse condemnation, nuisance, attorney's fees, and other relief as the Court deems just and equitable. *Id.* at Second Prayer for Relief.

GROUP C:

a. A Counterclaim for Trespass, including an argument that Northern is a "bailee" of natural gas injected and stored in the Cunningham Gas Storage Field, an argument regarding the migration of gaseous hydrocarbons and other fluids owned by Northern onto Group C's property; an argument that if Northern is adjudged to be owner or "bailee" of such gas, then entry and storage of such gas on Group C's property was, "unauthorized," and "without the consent" of Group C and constitute trespass upon the property of Group C; and that Northern is responsible for Group C's attorneys' fees. *Id.* ¶¶ 68 - 70.

b. A Counterclaim for Nuisance, including arguments that Northern has wrongfully interfered with and injured Group C's property interests, and that Northern is responsible for Group C's attorneys' fees. *Id.* ¶¶ 71 – 72.

c. A Counterclaim for Inverse Condemnation for property rights beyond the scope of the condemnation authorized by the Certificate Order, including an argument that Northern has obtained oil and gas leases, and gas storage leases, on properties located beyond the boundaries of the Cunningham Storage Field; and an argument that Northern's activities have impaired and interfered with Group C's beneficial use, development, and enjoyment of their properties and property rights, and have impaired and diminished the value of such properties,

which are in addition to those for which Northern proposes to make compensation under eminent domain. *Id.* ¶¶ 73 – 79.

        d.      A Counterclaim for the Fair Rental Value of Storage. *Id.* ¶¶ 80 - 83.

        e.      A Prayer for Relief; including a determination that Group C be granted judgment as set forth in the counterclaims, and that Group C recover costs and other relief. *Id.* at Second Prayer for Relief.

The L.D. GROUP:

        a.      An argument regarding compensation for the total loss of the property value to the properties "outside of but newly adjoining the Authorized Expansion Area." Doc. 108, ¶ 28.

        b.      An argument regarding compensation based on existing contracts for well services on wells within the Authorized Expansion Area and other financial obligations to Lumen Energy Corp. and/or Lumen Midstream Partnership. *Id.* ¶ 29.

        c.      A Counterclaim for Inverse Condemnation; including an argument regarding the loss in value of properties "newly adjoining" the Authorized Expansion Area. *Id.* ¶¶ 33 – 39.

        d.      An argument that Northern has engaged "in a consistent pattern of repeated threats of litigation followed by actual litigation against producers of gas from wells north of Northern's Cunningham Storage Field," and that Northern has "repeatedly and falsely contended that gas produced from such wells is migrating storage gas owned by Northern, and not by the producers…" *Id.* ¶ 34; *see* Mem. and Order, *Northern Nat. Gas Co. v. L.D. Drilling Inc., et al.*, No. 08-1405-WEB-DWB (Doc. 382) at 9-11 (D.Kan. Sept. 29, 2010) (dismissing a counterclaim for "abuse of process" under FED. R. CIV. P. 12(b)(6)).

e.    An argument that "Because Northern's financial resources are much greater than … producers against whom Northern has litigated . . . because Northern has a right to test any gas wells located on property that is adjoining to Northern's storage field… because… experts… have consistently concluded that gas produced … from or underlying land north of the Cunningham Storage Field is storage gas … and because Northern has widely bruited its intention to come after gas producers even as much as ten miles north of the Cunningham Field, Northern has become notorious for aggressively pursuing such litigation." *Id.* ¶ 35; *see* Mem. and Order, *Northern Nat. Gas Co. v. L.D. Drilling Inc., et al.*, No. 08-1405-WEB-DWB (Doc. 382) at 9-11 (D.Kan. Sept. 29, 2010) (dismissing a counterclaim for "abuse of process" under FED. R. CIV. P. 12(b)(6)).

f.    An argument that the L.D. Group Defendants own developed and undeveloped oil and gas properties adjoining or nearby, but outside the Authorized Expansion Area. *Id.* ¶ 37.

<u>The VAL ENERGY GROUP</u>:

An argument that the VAL Energy Group Defendants are entitled to compensation for interests outside of, but adjoining or nearby the Authorized Expansion Area. Doc. 114, ¶ 28.

Respectfully submitted,

/s/ Richard A. Olmstead
Richard A. Olmstead, KS#19946
KUTAK ROCK LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206-6634
Telephone:  316-609-7900
Facsimile:  316-630-8021
E-Mail:  richard.olmstead@kutakrock.com

Corey A. Neller, KS # 23800
Mark D. Coldiron, admitted *pro hac vice*
Paula M. Jantzen, admitted *pro hac vice*
RYAN WHALEY COLDIRON SHANDY, PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK  73102
Telephone:  405-239-6040
Facsimile:  405-239-6766
E-Mail:  cneller@ryanwhaley.com
E-Mail:  mcoldiron@ryanwhaley.com
E-Mail:  pjantzen@ryanwhaley.com

Attorneys for Northern Natural Gas Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2010, I electronically filed the foregoing *Motion to Dismiss Counterclaims of Certain Defendants and Motion to Strike Portions of Certain Defendants' Answers* with the clerk of the court by using the CM/ECF system.

Jeffery L. Carmichael, Esq.
Will B. Wohlford, Esq.
MORRIS, LAING, EVANS, BROCK
 & KENNEDY, CHTD.
300 N. Mead, Suite 200
Wichita, KS 67202
jcarmichael@morrislaing.com
wwohlford@morrislaing.com

Attorneys for VAL Energy, Inc. (Tract Nos. 1312610, 2312610, 3062710, 3302610, 3312610, 4252611, 4302610); Allam Exploration LLC (Tract Nos. 1312610, 2312610, 3302610, 4252611); Apollo Energies, Inc. (Tract Nos. 2312610 and 4252611); Dale L. Smith and Mae D. Smith Revocable Trust dated 12/5/2007 c/o Dale L. Smith and Mae D. Smith, Trustees (Tract Nos. 1312610, 2312610, 3302610, 4252611); David Munro (Tract Nos. 1312610, 2312610, 3302610, 4252611); Eric D. Stinson Trust dated January 25, 2007 c/o Eric D. Stinson, Trustee (Tract Nos. 1312610, 2312610, 3302610, 4252611); Hastings Oil & Gas Properties, LLC (Tract Nos. 1312610, 2312610, 3302610, 4252611; Lies Exploration, LLC (Tract Nos. 1312610, 2312610, 3302610, 4252611); Robert P. Bayer II (Tract Nos. 1312610, 2312610, 3302610, 4252611); Vosburgh Exploration, LLC. (Tract Nos. 1312610, 2312610, 3302610, 4252611); Brenda Brown Riffey (Tract No. 4252611); and Larry D. Riffey and Brenda Brown Riffey (Tract Nos. 1312610, 2312610, 3302610, 4252611)

Jim H. Goering, Esq.
Timothy B. Mustaine, Esq.
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
jgoeing@foulston.com
tmustaine@foulston.com

Attorneys for L.D. Drilling, Inc. (Tract Nos. 1252611, 1262611, and 4262611; L.D. Davis (Tract Nos. 1252611, 1262611, 1272611, 1342611, 1352611, 1362611, 2242611, 2252611, 2262611, 2352611, 2362611, 3242611, 3252611, 3332611, 3342611, 4232611, 4242611, 4262611, 4332611, and 5352611; HJB, Inc. (Tract Nos. 1252611, 1262611, 1272611, 1352611, 1362611, 2252611, 2262611, 2352611, 3252611, 4232611, and 4242611); Paul J. Beaver (Tract Nos. 1252611, 1262611, 1272611, 1352611, 1362611, 2252611, 2352611, 3252611, 4232611, 4242611, and 4262611); Kim B. Shoemaker and Nancy H. Shoemaker, Joint Tenants (Tract Nos. 1252611, 1262611, 1272611, 1352611, 1362611, 2252611, 2352611, 3252611, 4232611, 4242611, and 4262611); Whitetail Energy, Inc. (Tract Nos. 1252611, 1262611, 1272611, 1352611, 1362611, 2252611, 2352611, 3252611, 4232611, 4242611, and 4262611); Ivan Milton, aka Ivan Wayne Milton (Tract Nos. 1022711 and 3252611); Lisa M. Milton (Tract No. 3252611); William Milton, aka William Leslie Milton, aka Bill Milton (Tract Nos. 1022711 and 3252611); Tammy L. Milton (Tract No. 3252611); Jandie Oil Company, Inc. (Tract No. 2262611); Timothy R. Keenan (Tract No. 2262611); Larry E. Keenan (Tract No. 2262611); Carl Dudrey (Tract No. 2262611); and Steven Eugene Young (Tract No. 2262611)

Robert R. Eisenhauer, Esq.
JOHNSTON & EISENHAUER
P.O. Drawer 825
113 E. Third
Pratt, KS 67124
je-pratt@sbcglobal.net

Attorneys for The Adonis A. Meireis Revocable Trust dated June 1, 2009,
c/o Adonis A. Meireis and Warren E. Meireis, Co-Trustees (Tract
5232611); The Warren E. Meireis Revocable Trust dated June 1, 2009, c/o
Warren E. Meireis and Adonis A. Meireis, Co-Trustees (Tract 5232611);
Margaret Meireis Revocable Trust dated April 17, 1996, c/o Margaret
Meireis, Trustee (Tracts 3242611 and 4232611); Sonja Sue Staab (Tract
Nos. 2012711 and 5352611); Estate of Merlin D. Mardis, deceased c/o
Joan C. Dickson, Executrix (Tract No. 2342611); Joan C. Dickson (Tract
No. 2342611); Wayne Dickson (Tract No. 2342611); Larry D. Riffey and
Brenda Brown Riffey aka Brenda M. Riffey, Joint Tenants (Tract Nos.
1312610, 2312610, 3302610, 4252611); and The Wayne Wexford
Williams Trust dated December 6, 2007

Lee Thompson, Esq.
THOMPSON LAW FIRM, LLC
Occidental Plaza
106 E. 2nd Street
Wichita, KS 67202
lthompson@tslawfirm.com

Attorney for Clint W. McGuire and Angie M. McGuire (Tract 2312610)

Stephen E. Robison, Esq.
Gregory J. Stucky, Esq.
David G. Seely, Esq.
Daniel E. Lawrence, Esq.
FLEESON, GOOING, COULSON & KITCH,
L.L.C.
1900 Epic Center
301 North Main
Wichita, KS 67201-0997
srobison@gleeson.com
dseely@fleeson.com
dstucky@fleeson.com
dlawrence@fleeson.com

Gordon B. Stull, Esq.
John Beverlin, Esq.
STULL LAW OFFICE
1320 E. First Street
Pratt, KS 67124
gstull@stull-law.com
johnb@stull-law.com

Attorneys for The Branscom Trust dated August 29, 2001, Gilbert D. Branscom, Beverly J. Branscom, Allen D. Branscom and Mary Kathlene Hamilton, Trustees, (Tract No. 3302610); Gregory L. Dye (Tract No. 4302610); Marilyn R. Hansen (Tract No. 3342611); Patricia L. Meredith (Tract No. 3342611); The Shirley J. Miller Trust dated July 8, 1994, Shirley J. Miller and Norman R. Miller, Trustees (Tract No. 3342611); Gayle Perry (Tract Nos. 1242611 and 1302610): Benedict T. Ricke (Tract No. 2042711); Elizabeth D. Ricke (Tract No. 2042711); The Phyllis N. Shanline Trust dated November 3, 2000, Phyllis N. Shanline, Trustee (Tract Nos. 2272611 and 3062710); Wendy A. Stade (Tract No. 4272611); Edna Bell Studer Revocable Trust No. 1 dated the 4th day of May, 1990, Edna Studer, Trustee, (Tract No. 1042711); and Floyd G. Waldrip (Tract No. 4302610); Wendy Burgardt (Tract No. 3262611); Norma Myrtle Collins (Tract No. 2262611); Bruce D. Drummond (Tract Nos. 1012711, 2062710); Gayle Bernice Drummond (Tract Nos. 1012711, 2062710); Jeffrey T. Drummond (Tract Nos. 1012711, 2062710); Keith M. Drummond (Tract Nos. 1012711, 2062710); Michael S. Drummond (Tract Nos. 1012711, 2062710); Stephen C. Drummond (Tract Nos. 1012711, 2062710); The G.E. Geesling Trust dated April 30, 1991, c/o G.E. Geesling and S. Joanne Geesling, Trustees (Tract No. 1262611); The S. Joanne Geesling Trust dated April 30, 1991, c/o S. Joanne Geesling and G.E. Geesling, Trustees (Tract No. 1262611); Elaine Geesling, aka Jo Elaine Geesling (Tract No. 1262611); G.E. Geesling (Tract No. 1262611); Gary Geesling, aka Gary E. Geesling (Tract No. 1262611); S. Joanne Geesling (Tract No. 1262611) The George B. Hartman Revocable Trust, c/o George B. Hartman and Helen M. Hartman, Trustees (Tract No. 4342611); The Helen M. Hartman Revocable Trust c/o Helen M. Hartman and George B. Hartman, Trustees (Tract No. 4342611); Wanda Hazzard, aka Wanda L. Hazzard (Tract No. 2262611); Micky L. Holland Revocable Trust No. 1 dated the 25th day of March, 2010, c/o Micky L. Holland, Trustee (Tract No. 3262611); Gene W. Holland, aka Gene Holland (Tract No. 3262611); Vera E. Huff Educational Trust #2, c/o Dennis W. Huff, Trustee (Tract Nos. 2022711, 4352611); Vera E. Huff Educational Trust #3, c/o Dennis W. Huff, Trustee (Tract Nos. 2022711, 4352611); Huff Family LLC (Tract Nos. 1032711, 3352611, 6102711); Dennis W. Huff, aka Dennis Huff, aka Dennis E. Huff (Tract Nos. 1102711, 2022711, 3022711, 4022711, 4352611, 5022711); Dennis W. Huff, aka Dennis Huff, aka Dennis E. Huff, and Donna M. Huff, aka Donna Huff, husband and wife, Joint Tenants (Tract Nos. 4032711, 5032711); Donna M. Huff, aka Donna Huff (Tract Nos. 1102711, 2022711, 3022711, 4022711, 4352611, 5022711); Kelly C. Huff (Tract Nos. 2022711, 4352611); Vera E. Huff, aka Vera Huff(Tract Nos. 3022711, 4022711, 5022711); Toni Key (Tract Nos. 3022711, 4022711, 5022711); Ethie and Art Koenemann Trust, c/o Robert A. Koenemann and First National Bank of Hutchinson, Trustees (Tract No. 3272611); Ivan Milton, aka Ivan Wayne Milton (Tract

Nos. 1022711, 3252611, and 4022711); Lisa M. Milton (Tract Nos. 3252611 and 4022711); William Milton, aka William Leslie Milton, aka Bill Milton (Tract Nos. 1022711 and 3252611); Tammy L. Milton (Tract No. 3252611); The Trust Agreement dated December 27, 1989, DeWayne J. Moore, Maxine Devlin Moore, and First National Bank of Hutchinson, Trustees, also referred to as Maxine Devlin Moore & DeWayne J. Moore Trust, First National Bank of Hutchinson as Trustee (Tract Nos. 1272611, 2222611, 5272611); Maxine Devlin Moore (Tract Nos. 1272611, 2222611, 5272611); The Rix D. Shanline Trust dated November 3, 2000, c/o Rix D. Shanline, Trustee (Tract Nos. 2272611, 3062710); The Sucht Living Trust dated October 3, 1997, c/o Leon A. Sucht and Elizabeth Ann Sucht, Trustees (Tract Nos. 1242611, 1302610); Leann Sucht (Tract Nos. 1242611, 1302610); Steven Sucht (Tract Nos. 1242611, 1302610); The Donald L. Trinkle Trust dated December 2, 2000, c/o Donald L. Trinkle and Dorothy L. Trinkle, Trustees (Tract Nos. 2362611, 4332611); The Dorothy L. Trinkle Trust dated December 2, 2000, c/o Dorothy L. Trinkle and Donald L. Trinkle, Trustees (Tract Nos. 2362611, 4332611); Alberta Mae Truijillo, aka Alberta Mae Milton (Tract Nos. 1022711, 3252611); Ruth M. Urban (Tract No. 4262611); Arden J. Vernon and Sally A. Vernon (Tract No. 4272611); Will A. Vernon (Tract No. 4272611); Virgil E. Young (Tract No. 2262611); The Grover A. Zink Family Trust created under the Last Will & Testament of Grover A. Zink, deceased, dated February 21, 1986, c/o LuHelen Y. Zink, Timothy N. Zink & Andrew T. Zink, Co-Trustees c/o LuHelen Y. Zink (Tract Nos. 1252611, 4242611); The LuHelen Y. Zink Trust dated September 26, 2007, c/o LuHelen Y. Zink, Trustee (Tract Nos. 1252611, 4242611); and The Trust Agreement known as the Jeanette Kerschen Living Trust dated January 2, 2001 c/o Jeanette Adeline Kerschen, Trustee; Allen Kerschen (Tract No. 3312610)

Jack V. Black, Esq.
Thomas V. Black, Esq.
BLACK'S LAW OFFICE, P.A.
306 South Oak
Pratt, KS 67124
prcoatty@hotmail.com

> Attorneys for Theresa Beat (Tract No. 1092711); Brown Brothers, a Kansas General Partnership c/o Kermit Brown, aka Kermit L. Brown and Stanton Brown, aka Stanton L. Brown (Tract Nos. 2242611, 2252611); Jane A. Brown (Tract Nos. 1352611, 2252611); Kermit Brown, aka Kermit L. Brown and Jane A. Brown, Joint Tenants (Tract No. 2242611); Kermit Brown, aka Kermit L. Brown (Tract Nos. 1352611, 2252611); Stanton Brown, aka Stanton L. Brown (Tract Nos. 2242611, 2252611, 2352611); Estate of Darrell Dean Dyche (Tract Nos. 1092711, 2032711); Delores M. Hudson (Tract No. 2302610); Kenneth L. Hudson (Tract No. 2302610); Duane H Leroux (Tract No. 1362611); Evelyn B. Leroux (Tract No. 1362611); Darrell B. Leroux, Jr. (Tract No. 1362611); Dale E. Leroux (Tract No. 1362611); Donald L. Leroux and Jason Leroux (Tract No. 1362611); Dale E. Martin (Tract No. 1362611); Gary Martin (Tract No. 1362611); The Pleasant Valley Cemetery c/o Kermit Brown, aka Kermit L. Brown (Tract No. 3232611); Merle J. Trinkle and Velma Trinkle, Joint Tenants (Tract No. 1222611); and Morgan J. Trinkle (Tract No. 1222611)

Timothy E. McKee, Esq.
Shane A. Rosson, Esq.
Amy Fellows Cline, Esq.
TRIPLETT, WOOLF & GARRETSON, LLC
2959 North Rock Road, Suite 300
Wichita, KS 78226
temckee@twgfirm.com
sarosson@twgfirm.com
amycline@twgfirm.com

> Attorneys for Five Star Energy, Inc. (Tract Nos. 1242611 and 1302610)

Brian J. Madden, Esq.
Thomas A. Rottinghaus, Esq.
Adam S. Davis, Esq.
Wagstaff and Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
bmadden@wcllp.com
trottinghuas@wcllp.com
adavis@wcllp.com

Attorneys for Nash Oil & Gas, Inc. (Tract No. 1272611, 2012711, 2222611, 2362611, 3262611, 3362611, 4232611, 4272611, 5272611, 5352611); Vision Investments of Pratt, LLC (Tract Nos. 1252611, 1262611, 1272611, 1352611, 1362611, 2252611, 2262611, 2352611, 3252611, 4232611, 4242611), and The Peoples Bank (Pratt, KS) (Tract Nos. 1102711, 1252611, 1262611, 1272611, 1362611, 2022711, 2262611, 2302610, 2362610, 3022711, 3262611, 3332611, 4022711, 4232611, 4242611, 4252611, 4272611, 4352611, 5022711, 5272611, 5352611)


Lanny D. Welch, U.S. Attorney
Emily B. Metzger, Assistant U.S. Attorney
1200 Epic Center
301 N. Main
Wichita, KS 67202
Emily.metzger@usdoj.gov

Attorneys for the United States of America representing the United States Department of Agriculture, Farm Service Agency f/k/a Farmer's Home Administration (Tract No. 2242611)


I also hereby certify that on the 12th day of October, 2010, I sent a copy of the foregoing *Motion to Dismiss Counterclaims of Certain Defendants and Motion to Strike Portions of Certain Defendants' Answers* to the following via U.S. First Class Mail, postage prepaid:

*All known interest owners, not otherwise represented by counsel:*

| | |
|---|---|
| Attn: Senior Officer, Manager, or Agent | Grace H. Brown |
| American AgCredit, FLCA aka | c/o Stanton L. Brown |
| American AgGredit, ACA | 130177 NE 70th Street |
| P.O. Box 10 | Preston, KS 67583 |
| 324 Main | **(Tract No. 2242611)** |
| Larned, KS 67550 | |
| **(Tract Nos. 1352611; 2252611, and** | |
| **2352611)** | |

Kent Deutsch and
Deutsch Oil Company
Bldg 600, Suite D
8100 E. 22nd N.
Wichita, KS 67226
**(Tract No. 2342611 – Deutsch Oil Co.)**
**(Tract No. 3262611 – Kent Deutsch)**

Wayne Dickson
669 SE 90th Avenue
Stafford, KS 67578
**(Tract No. 2342611)**

Glenda P. Ellison
Box 123
413 N. 8th Street
Towonda, KS 67144
**(Tract No. 4032711)**

Attn: Senior Officer, Manager or Agent
Farm Credit of the Heartland, PCA
aka American AgCredit, ACA
P.O. Box 944
706 S. Main
Pratt, KS 67124-0944
**(Tract Nos. 1352611; 2352611, and 4272611)**

Attn: Senior Officer, Manager, or Agent
Farm Credit Services of Central Kansas,
FLCA aka American AgCredit, ACA
P.O. Box 10
Larned, KS 67550
**(Tract No. 1262611)**

Attn: Senior Officer, Manager, or Agent
Farm Credit Services of Central Kansas,
FLCA aka American AgCredit, ACA
P.O. Box 944
706 S. Main
Pratt, KS 67124
**(Tract No. 2242611)**

Attn: Senior Officer, Manager, or Agent
Farmers Bank & Trust, NA of Great Bend
P.O. Box 267
1017 Harrison
Great Bend, KS 67530
**(Tract No. 2262611)**

Attn: Senior Officer, Manager or Agent
FCS of Central Kansas PCA
aka American AgCredit, ACA
P.O. Box 944
706 S. Main
Pratt, KS 67124-0944
**(Tract No. 4272611)**

Attn: Senior Officer, Manager, or Agent
First National Bank of Hutchinson
P.O. Box 913
Hutchinson, KS 67504
**(Tract Nos. 1092711 and 2032711)**

Nina May Geist
1611 Socony Street
Augusta, KS 67010
**(Tract No. 5342611)**

Wint Harris
106 Sunset
Elkhart, KS 67905
**(Tract No. 2112711)**

Sandra Hastings
P.O. Box 64
1000 E. Bramley
Jetmore, KS 67854
**(Tract No. 3362611)**

Rebecca Heaton
604 S. Maple Street, Box 615
Inman, KS 67546
**(Tract No. 3102711)**

Lisa Johnson
1133 190th Avenue
Lewis, KS 67552-5261
**(Tract No. 3102711)**

Shiela Kough
639 West Washington Avenue
Kingman, KS 67068
**(Tract No. 3102711)**

The Johnathan Bryce Miller and
Barbara Lou Miller Trust dated
June 23, 1983
c/o Cinda Lou Miller and
Gray Johnathan Miller, Trustees
1218 W. Murdock
Wichita, KS 67203
**(Tract No. 4012711)**

Attn: Senior Officer, Manager, or Agent
Stockman's State Bank of Ashland
P.O. Box 458
622 Main
Ashland, KS 67831
**(Tract No. 2312610)**

Julie Wimmer
Raymond D. Wimmer
30313 NE 130th Avenue
Cunningham, KS 67035
**(Tract No. 3102711)**

High-Plains Eagle LLC
c/o VAL Energy, Inc.,
Kevin T. Allam
200 W. Douglas, Suite 520
Wichita, KS 67202
**(Tract Nos. 1312610 and 3302610)**

Attn: Senior Officer, Manager, or Agent
Kansas District Council
AG/Wheat State Camp
3000 W. Kellogg Drive
Wichita, KS 67213
**(Tract No. 5352611)**

Lario Oil & Gas Company
c/o E. D. Stinson
301 S. Market Street
Wichita, KS 67202
**(Tract Nos. 1312610; 2312610; 3302610, and 4252611)**

Robert C. Nicklin Revocable Trust
dated April 20, 2002
c/o Robert C. Nicklin, Trustee
1750 West 82nd Avenue
Hutchinson, KS 67502
**(Tract No. 1342611)**

Dorothy G. Wimmer
Lawrence E. Wimmer
208 Edgeford Drive
Pratt, KS 67124
**(Tract No. 3102711)**

/s/ Richard A. Olmstead
Richard A. Olmstead