IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-1232-WEB |
| | ) | |
| TRACT NO. 1062710 | ) | |
| containing 80 acres more or less, located in | ) | |
| Kingman County, Kansas and as further | ) | |
| described herein, | ) | |
| | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Notice of Injunction

The court enters this order to provide notice of an impending preliminary injunction. In a separate case, *Northern Natural Gas Co. v. L.D. Drilling, Inc., et al.,* No. 08-1405 (D. Kan.), Northern claims that injected storage gas has migrated out of its Cunningham Storage Field and has been produced by certain wells operated by L.D. Drilling, Inc., Val Energy, Inc., and Nash Oil & Gas, Inc. All of these wells are located in the "Expansion Area" certified by the Federal Energy Regulatory Commission (FERC) for inclusion in the Cunningham Storage Field, and all are located on tracts named as defendants in the current condemnation complaint.

Northern filed a motion in Case No. 08-1405 asking the court to order that these wells be shut-in pending a resolution of its claims. After a hearing, the court determined that the motion should be granted, subject to a condition that Northern must post security in the amount of $2 million. Accordingly, if Northern posts the required security, then the court's order will require that by February 21, 2001, L.D. Drilling, Inc., Val Energy, Inc., and Nash Oil & Gas, Inc. shall cease and refrain from further production of natural gas from the following wells in the Viola and/or Simpson formations:

[Well ; Location; Operator]

1. Branscom 1 - T26S R10W, Sec. 30, SW SW, 660' FSL, 560' FWL; Val Energy, Inc.
2. Brown 'A' 1 - T26S R11W, Sec. 35, C NE, 1320' FNL, 1320' FEL;  L.D. Drilling, Inc.
3. CRC 1        - T27S R11W, Sec. 1, NW NW, 660' FNL, 660' FWL;  Nash Oil & Gas, Inc.
4. CRC 2        - T27S R11W, Sec. 1, C NE NW, 660' FNL,  1980' FWL; Nash Oil & Gas, Inc.
5. Geesling 1   - T26S R11W, Sec. 26, C NE, 1395' FNL, 1320' FEL;  L.D. Drilling, Inc.
6. Holland 1-26- T26S R11W, Sec. 26, C SW SW, 660' FSL, 4620' FEL;  Nash Oil & Gas, Inc.
7. Holland 2-26- T26S R11W, Sec. 26, SE SW, 660' FSL, 3300' FEL;  Nash Oil & Gas, Inc.
8. J.C. 1         - T26S R11W, Sec. 27, NW NE SE, 2310' FSL, 840' FEL;  Nash Oil & Gas, Inc.
9. Martin 1      - T26S R11W, Sec. 36, C NW, 1320' FNL, 1320' FWL;  L.D. Drilling, Inc.
10. Mcguire 1-31- T26S R10W, Sec. 31, NW NW, 755' FNL, 532 FWL;  Val Energy, Inc.
11. Meireis 1-23 - T26S R11W, Sec. 23, NE SW SE SE, 515' FSL, 860' FEL;  L.D. Drilling, Inc.
12. Mezger 1     - T26S R11W, Sec. 26, C NW SE, 1980' FSL, 1980' FEL; L.D. Drilling, Inc.
13. Mezger 2     - T26S R11W, Sec. 26, C SE SE, 660' FSL, 660' FEL;  L.D. Drilling, Inc.
14. Milton 1       - T26S R11W, Sec. 25, C SE SW, 660' FSL, 1980' FWL; L.D. Drilling, Inc.
15. Moore 1-27  - T26S R11W, Sec. 27, SE NE NE, 1100' FNL, 330' FEL; L.D. Drilling, Inc.
16. Riffey 'V' 1-25- T26S R11W, Sec. 25, SW SE, 350' FSL, 2290' FEL; Val Energy, Inc.
17. Staab 1       - T26S R11W, Sec. 35, E2 SE, 1370' FSL, 660' FEL;  Nash Oil & Gas, Inc.
18. Stanton L. Brown 1-T26S R11W, Sec. 35, NE NW NW, 330' FNL, 990' FWL;L.D. Drilling, Inc.
19. Stanton 1     - T26S R11W, Sec. 25, C NW SW, 1980' FSL, 660' FWL;  L.D. Drilling, Inc.
20. Trinkle 1     - T26S R11W, Sec. 36, S2 S2 N2 SW, 1520' FSL, 1320' FWL;  Nash Oil & Gas, Inc.
21. Young 1      - T26S R11W, Sec. 26, E2 SE SW NW, 2310' FNL, 1220' FWL; L.D. Drilling, Inc.
22. Young 1-26 - T26S R11W, Sec. 26, SE NW SW, 1650' FSL, 4290' FEL; L.D. Drilling, Inc.
23. Zink 1        - T26S R11W, Sec. 25, C NW, 1320' FNL, 1320' FWL;  L.D. Drilling, Inc.
24. Zink A       - T26S R11W, Sec. 25, S2 NW NE, 990' FNL,  1980' FEL;  L.D. Drilling, Inc.
25. Zink 'B' 1  - T26S R11W, Sec. 24, E2 E2 SW SW, 660' FSL, 1050' FWL;  L.D. Drilling, Inc.

The parties in Case No. 08-1405 have until January 10, 2011 to submit a plan to the court for shutting in these wells and for pulling any salvageable equipment from them.  Once the equipment is removed, any further testing of a well's production would likely be impossible.  Thus, any testing of these wells that is relevant to the issues in the condemnation complaint should be accomplished forthwith.

IT IS SO ORDERED this __5th__ Day of January, 2011, at Wichita, Ks.

    s/Wesley E. Brown
    Wesley E. Brown
    U.S. Senior District Judge