IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS )
COMPANY, )
 )
                    Plaintiff, )
 )
v. )     No. 10-1232-WEB
 )
Approximately 9117.53 acres in Pratt, )
Kingman, and Reno Counties, Kansas, )
and as further described herein; )
 )
Tract No. 1062710 containing 80.00 acres )
more or less, located in Kingman County, )
Kansas, and as further described herein; )
et al., )
 )
                    Defendants. )
 )

**Memorandum and Order**

This matter is before the court on a number of pending motions.

1. **Northern's Motion to Dismiss Counterclaims of Five Star Energy, Inc. and to Strike Portions of Five Star's Answer** (Doc. 113). On June 2, 2010, FERC granted Northern a Certificate of Convenience and Public Necessity pursuant to the Natural Gas Act authorizing Northern to acquire by condemnation certain property interests for use as part of Northern's underground Cunningham Storage Field. Northern commenced the instant action on July 16, 2010, to condemn those interests.

Five Star Energy, Inc. filed an answer that included two counterclaims. Doc. 98. Five Star alleges that it is the current owner, lessee and operator of certain oil and gas leases in Sections 18 and 19, Township 26 South, Range 10 West. The FERC Certificate approves an expansion of the Cunningham Storage Field to encompass, among other things, the Viola

formation in Sections 30 and 24 for use as a buffer zone for the Cunningham Storage Field. Sections 18 and 19 border on Sections 30 and 24. Five Star's counterclaim seeks a judgment declaring that, assuming Northern condemns Section 30 and 24, Sections 18 and 19 are not "adjoining" the Cunningham "storage fields, sands, reservoirs and facilities" within the meaning of K.S.A. § 55-1210, because those sections would border only a buffer zone where no natural gas can be injected. Five Star additionally asserts a counterclaim for inverse condemnation, alleging that if the court finds Sections 18 and 19 are in fact "adjoining" the Cunningham Storage Field, Five Star will be prevented from accessing or realizing its interest in those sections, and further that allowing Northern to test any wells in those sections or to retain title to storage gas that migrates there would be a taking of private property for public use.

Northern moves to dismiss the counterclaims, arguing Rule 71.1 does not permit such claims to be asserted in a condemnation. *Citing, inter alia, Kan. Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land, et al.,* 210 F.Supp.2d 1253 (D. Kan. 2002). The rule provides in part that a defendant must serve an answer stating all of its objections and defenses to the taking, that all defenses and objections not stated in the answer are waived, and that "[n]o other pleading or motion asserting an additional objection or defense is allowed." Fed.R.Civ.P. 71.1(e)(3). Northern argues that contrary decisions such as *Columbia Gas Transmission, LLC v. Crawford,* 267 F.R.D. 227 (N.D. Ohio 2010) – which hold that a counterclaim is not a "pleading" and therefore may be asserted in an answer – ignore the fact that a counterclaim is asserted in a pleading and the court's sole authority in an NGA condemnation is to enforce the FERC Certificate. *Citing* Wright, Miller & Marcus, *Federal Practice & Procedure* § 3048 ("[t]he only function of the answer is to contest the right of the government to take the land."). If

2

counterclaims were allowed, Northern argues, a landowner "could, directly or indirectly, grind construction ... to a halt by asserting state law claims," contrary to Congressional intent to provide for expeditious condemnation. *Citing Humphries v. Williams Natural Gas Co.*, 48 F.Supp.2d 1276 (D. Kan. 1999). Northern additionally contends portions of Five Star's answer should be stricken because it fails to comply with Rule 71.1(e)(2) by failing to identify the property and interests which Five Star claims within the Expansion Area, by seeking declaratory relief regarding property outside the Expansion Area, and by including legal argument in the answer.

In response, Five Star argues that the filing of a separate lawsuit to assert damages for the taking of its property is not required by Rule 71.1. Doing so, it contends, would unnecessarily cause delay and increase litigation costs. Five Star argues that a "pleading" is specifically defined under the federal rules and does not connote a "counterclaim." *Citing* Fed.R.Civ.P. 7 (listing permissible pleadings); Fed.R.Civ.P. 13 (a pleading must state any compulsory counterclaim the pleader has against the opposing party). It argues the court has no authority to dismiss its counterclaims. Five Star argues that Judge Van Bebber's ruling to the contrary in *Kansas Pipeline* is not controlling because it was contrary to the plain language of Rule 71.1 and was erroneously based on a Fourth Circuit case involving materially different facts. Five Star says Northern's remaining authorities are not controlling because they involved the United States as condemnor, and by virtue of sovereign immunity and the Tucker Act those district courts had no authority to entertain any counterclaims against the United States.

Five Star "admits some ambiguity may exist in its Answer regarding its position on the property in which it claims an interest and the nature and extent of such interest." Accordingly,

3

it seeks leave to file an Amended Answer clarifying those matters. Doc. 138 at 1, n.1. Northern argues the proposed amendment is futile because it "still contains improper counterclaims and immaterial and impertinent defenses."

2. **Northern's Motion to Dismiss Counterclaims of Certain Defendants and to Strike Portions of Certain Defendants' Answers** (Doc. 120). Northern also moves to dismiss the counterclaims of various other defendants, asserting the same arguments regarding Rule 71.1(e). Additionally, Northern argues that counterclaims for "fair rental value of storage gas" fail to state a claim for relief under Kansas law, although Northern concedes that fair rental value might constitute a measure of damages in eminent domain or in an action for trespass. Doc. 120 at 7. Finally, Northern moves to strike portions of various defendants' answers that Northern believes are "improper, insufficient, and immaterial."

The Huff landowner group joins in Five Star's arguments. Doc. 134. It contends Rule 71.1 does not bar counterclaims in this context, *citing, inter alia, Columbia Gas Transmission LLC v. Crawford*, 267 F.R.D. 227 (N. D. Ohio 2010), and says it had to assert its compulsory counterclaims in the answer or lose them. It argues the inclusion of the counterclaims will not impede Northern's current use of the underground storage areas, noting that "the gas is where it is, and will not be going anywhere on account of this litigation." With regard to counterclaims for fair rental value of storage, the Huff group argues the label of the claim is immaterial and says it "obviously states a claim for relief under a theory of unjust enrichment or ... quantum meruit." Doc. 134 at 9. Huff Group argues that the assertion of its counterclaims is not improper or incorrect under Rule 71.1, and that the claims are so closely related to the condemnation issues that the interests of efficiently would be served by allowing the

4

counterclaims to go forward in this proceeding.

The "Group B Landowners" support the arguments of Five Star and the Huff Group that Rule 71.1 does not bar counterclaims. They likewise contend the interests of judicial efficiency would be furthered by trying the counterclaims with the condemnation, due to overlapping issues and evidence. Doc. 140.

The L.D. Group similarly challenges Judge Van Bebber's ruling in *Kansas Pipeline*, arguing it was based on an erroneous interpretation of "pleading" in Rule 71.1. Doc. 141 at 4. They argue their counterclaims are compulsory under Rule 13, arising from Northern's taking of property, whereas the counterclaims in *Kansas Pipeline* were likely only permissive. They also contend the common issues involved in the counterclaims and the eminent domain weigh in favor of resolving all issues in a single proceeding.

*Discussion*.

There is a clear split of authority on whether Rule 71.1(e) prohibits the assertion of counterclaims in answer to a condemnation complaint. The only court in this district to rule on the issue held that counterclaims are not permitted, meaning a party wishing to assert counterclaims against the condemnor must file them in a separate action. *Kan. Pipeline*, 210 F.Supp.2d at 1258. *See also U.S. ex rel. Tennessee Valley Auth. v. An Easement and Right of Way*, 1994 WL 1890931 (N.D. Miss. 1994) (federal courts have interpreted Rule 71A(e) to mean that no counterclaims are permitted); Wright, Miller & Marcus, 12 *Federal Practice and Procedure,* Civil 2d § 3048 ("A counterclaim may not be raised in the answer...."). Several other decisions agree but limit the rule to "true counterclaims," meaning a "separate freestanding claim that otherwise could be asserted independently in another proceeding." *See In re Stephenson*, 66

F.3d 345, 1995 WL 529610 (unpublished) (Fed. Cir. 1995).  The rulings may spring in part, as defendants argue, from sovereign immunity on counterclaims against the United States, a common issue since condemnation in federal court is typically initiated by the United States.  But the cases also frequently rely upon the language of Rule 71.1 [or former Rule 71A], and its prohibition on pleadings other than an answer.  *See e.g., United States v. 1.58 Acres of Land*, 523 F.Supp. 120, 122 (D. Mass. 1981).   On the other hand, as defendants note, *Columbia Gas* is a recent decision to the contrary, finding that counterclaims are allowable under Rule 71.1(e).

The purpose of Rule 71.1 is to provide for a uniform procedure for condemnation in the federal courts.  *See* Fed.R.Civ.P. 71.1, Adv. Comm. Note (1951).  And as noted in *Humphries v. Williams Natural Gas Co.*, 48 F.Supp.2d 1276 (D. Kan. 1999), the Natural Gas Act was "intended to provide an efficient and expedient means for holders of certificate of public convenience and necessity to acquire property necessary to construct natural gas [facilities]."  The court believes these purposes would be undermined by jointly trying the condemnation proceeding with any and all counterclaims the defendants may have against Northern.  "It is apparent from the Advisory Committee's Note to this subdivision that the quoted language [of Rule 71.1(e)] was provided in order to bring the case quickly to issue between the government and the landowner."  Wright, Miller & Marcus, *Federal Practice and Procedure*, Civil 2d § 3042.  Also, by providing a speedy and easy procedure the rule permits land owners to receive their compensation more promptly, while providing one uniform procedure that can be followed throughout the country.  *Id*. at § 3041.  The goals of a uniform, efficient and quick procedure for achieving a condemnation are best furthered by construing Rule 71.1(e) as purposely separating the condemnation issues from other matters, including counterclaims against the condemnor.

The court will follow Judge Van Bebber's construction of the rule in *Kansas Pipeline*. Under that construction, counterclaims that do not constitute defenses or objections to the taking of the property sought to be condemned will be dismissed without prejudice. Any such claims, if they are to be pursued, must be filed in an action separate from this condemnation proceeding.[1] As such, Five Star's claims for declaratory relief and for inverse condemnation, which pertain to sections of land not included in the condemnation petition, will be dismissed without prejudice.[2] Five Star's Motion to Amend its Answer will be granted in part; it may file an Amended Answer to clarify the nature and extent of the interest it claims in the property identified in the complaint.

The court finds the counterclaims of the other defendants should likewise be dismissed without prejudice. To the extent these counterclaims involve property outside of the area being condemned, there are no allegations that would properly bring them within the scope of the

---

[1] Even if Rule 71.1 were construed to allow counterclaims, Rule 42(b) allows for severance and separate treatment of such claims, which clearly would be appropriate here to avoid delay or disruption of the condemnation. *See* Wright, Miller & Marcus, *Federal Practice and Procedure*, Civil 2d § 3042 ("At a minimum, courts should ... be vigilant to use their authority under Rules 21 and 42(b) to guard against undue complication of the action.")

[2] Five Star has not alleged that the sections adjacent to those being condemned form part of a single unit or tract with the condemned sections, such that the condemnation would amount to the partial taking of a single property. *See e.g.,* Eminent Domain: Unity or Contiguity of Separate Properties Sufficient to Allow Damages for Diminished Value of Parcel Remaining After Taking of Other Parcel, 59 A.L.R. 4th 308 (1988). *See also United States v. Miller*, 317 U.S. 369, 376 (1943) ("'[A] parcel of land which has been used and treated as an entity shall be so considered in assessing compensation for the taking of part or all of it. * * * If only a portion of a single tract is taken the owner's compensation for that taking includes any element of value arising out of the relation of the part taken to the entire tract. * * * As respect[s] other property of the owner consisting of separate tracts adjoining that affected by the taking, the Constitution has never been construed as requiring payment of consequential damages; ..."); *East Tennessee Natural Gas Co. v. 2.93 Acres in Wythe County*, 2007 WL 2688414, *4 (W.D. Va. 2007) ("the damages the defendants seek [for devaluation of nearby property] are no different from the injury suffered by any property owner in the defendant's vicinity whose land was not taken. Such general damages are not compensable.").

condemnation. *See* n.2 supra. Insofar as the defendants' counterclaims involve property within the Expansion Area, they largely deal with matters arising prior to condemnation and the court likewise concludes they should be resolved separately from the condemnation. The court notes that under the current judgment of the Pratt County District Court, several of these counterclaims may well be precluded as a matter of law. Under the judgment, Northern lost title to any of its storage gas that migrated to defendants' properties prior to June 2, 2010. The migrating storage gas was subject to the Rule of Capture and the defendants did not convert the storage gas by producing it. The corollary of that holding is that Northern would not be liable to the defendants for an alleged nuisance, trespass, inverse condemnation or unjust enrichment (fair rental storage value) involving the migration of storage gas onto their property during that period. Defendants' counterclaims appear to recognize this point by alleging that "*if, contrary to the judgment of the ... Pratt County [district court]...* such gas is subsequently adjudged to be the property of Northern, *then* Northern" would be liable on such claims. *See e.g.,* Doc. 107 at ¶ 72. At any rate, the question of whether or not such counterclaims state a claim for relief is more appropriately determined by the judge to whom any separate action alleging such counterclaims is assigned.

As for any storage gas that migrated to defendants' property after June 2, 2010, this court previously concluded that Northern retains title to any such gas. The defendants might have claims against Northern for occupation or use of their property for storage gas migrating onto the property between June 2, 2010, and the date of taking of the property. But for the reasons previously discussed, the court concludes that any such counterclaims should be asserted, if at all, in an action separate from this condemnation. The sole purpose of this action will be the

determination of the appropriate enforcement of the Certificate of Public Convenience and Necessity and the payment of just compensation to the owners of any property so taken.

*Conclusion*.

Northern's Motion to Dismiss Counterclaims of Five Star Energy, Inc. (Doc. 112) and its Motion to Dismiss Counterclaims of Certain Defendants (Doc. 120) are GRANTED. The court finds that Rule 71.1(e) procedurally bars the assertion of defendants' counterclaims in this action. Accordingly, the counterclaims of the defendants are hereby dismissed without prejudice to refiling such claims in a separate action. Northern's additional request strike portions of defendants' answers is DENIED as moot.

Defendant Five Star Energy, Inc.'s Motion for Leave to File an Amended Answer (Doc. 138) is GRANTED IN PART as set forth above. Five Star may forthwith file an Amended Answer clarifying the identity in which Five Star claims an interest and the nature and extent of that interest.

Northern's Motion for Extension of Time to Serve Unknown Interest Owners (Doc. 146) is GRANTED.

Northern's Motion to Dismiss defendant First National Bank and Trust Company of Tulsa (Doc. 147), without prejudice, is GRANTED. IT IS SO ORDERED this __26th__ Day of May, 2011, at Wichita, Ks.

                                              s/Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge