# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-1232-WEB-DWB |
| Approximately 9117.53 acres in Pratt, Kingman, and Reno Counties, Kansas and as further described herein; | ) ) ) ) ) ) | |
| Tract No. 1062710 containing 80.00 acres more or less, located in Kingman County, Kansas, and as further described herein, et al. | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Presently pending before the court are the following three motions:

1. Defendants' Motion for Extension of Time Within Which to Answer Plaintiff's Amended Complaint for Condemnation (Doc. 245);

2. Defendants' Motion for Extension of Time Within Which to Respond to Plaintiff's Supplemental motion to Confirm Condemnation

Authority and Grant Preliminary Access to Implement Water Injection Program (Doc. 244); and

3. Plaintiff's Motion to Set Hearing on its Supplemental Motion to Confirm Condemnation Authority and Grant Preliminary Access to Implement Water Injection Program (Doc. 247).

Plaintiff has filed a consolidated Response to the two Motions for Extension of Time (Doc. 248), and Defendants have filed a Reply which includes a Response to the Motion for Hearing. (Doc. 253.).

<u>History and Background.</u>

On May 11, 2011, the undersigned magistrate judge held oral argument on Plaintiff's Motion to Appoint Three-Person Commission at which Plaintiff and the represented Defendants appeared through counsel. At that time, the court was advised that Plaintiff had made offers to Defendants to acquire additional properties not included in the initial condemnation Complaint. Defendants indicated that it was unlikely that they would accept those offers, and Plaintiff indicated that if the offers were not accepted, Plaintiff would file an Amended Complaint.

The record is not clear about events that may have transpired between the May 11 hearing and a conference of counsel on June 14, 2011. However, on June

2

14, Plaintiff's counsel advised Defendants' counsel that Plaintiff would be filing an Amended Complaint the following day.  *See* Doc. 248, at 2-3.  An Amended Complaint was filed on June 15, 2011.  (Doc. 188.)  The Prayer of the Amended Complaint does not mention a request for immediate possession of the property to be acquired by condemnation, *see e.g.*, Doc. 188, at 71-72, and no prior request for immediate possession had been made in this case.  Instead, Plaintiff had previously proceeded to seek an injunction in the consolidated Case No. 08-1405-WEB-DWB, shutting in Defendants' wells in the expansion area.

On June 20, 2011, the parties filed a Joint Motion of the Represented Parties to Reset Certain Deadlines and the Court's Scheduling Conference.  (Doc. 190.)  The motion requested that the parties be allowed to exchange their initial disclosures under Rule 26(a)(1) on or before July 22, 2011; conduct a planning conference on August 1, 2011 at 9:30 a.m.; file their report of planning conference on August 8, 2011; and reset the planning conference for August 11, 12 or 15.  In that report, Defendants' counsel stated that they anticipated filing answers by July 18, 2011.  (Doc . 190, at 4 ¶ 9.)  The court granted the joint motion and set the scheduling conference for August 11, 2011 at 10:00 a.m.  (Doc. 204.)

On June 21, 2011, Plaintiff filed its Supplemental Motion to Confirm Condemnation Authority and Grant Preliminary Access to Implement Water

3

Injection Program (hereafter "Supplemental Motion"), and supporting memorandum. (Doc. 202, 203.) Fourteen days later, on July 5, 2011, Defendants filed their two motions seeking extensions of time to answer the Amended Complaint and to respond to the Supplemental Motion. (Doc. 244, 245.) In the motions, Defendants sought an extension to August 10, 2011 to answer the Amended Complaint, and thirty days, or a date to be set at the August 11 hearing, to respond to the Supplemental Motion.

In Plaintiff's response, it did not oppose an extension of time for Defendants to answer the Amended Complaint to July 21, 2011, and an extension of time for Defendants to file a response to the Supplemental Motion to July 27, 2011. (Doc. 248, at 6-7.) Plaintiff argues that the longer extensions requested by Defendants would improperly defer Defendants' filings until after the parties July 22 date to exchange initial disclosures and after the August 1 planning conference.

## Discussion.

Defendants now state that the changes in the Amended Complaint require additional substantive analysis and thought beyond what they were initially led to believe would be required, and suggest that they were too optimistic in their projections of a July 18 answer date. (Doc. 253, at 3.) It is true that when they joined in the earlier Joint Motion for Extension of Time they had not had the

benefit of Plaintiff's subsequent Notice of Substantive or Material Changes in Complaint to Condemnation, which was not filed by Plaintiff until June 27, 2011. (Doc. 241.) However, they had received the Amended Complaint itself and should have been able to appreciate the nature of the changes from the initial Complaint, particularly in light of the prior offers from Plaintiff to acquire additional property. Therefore, any extension of time to file Answers should be minimal.

The response to the Supplemental Motion, however, presents a slightly different situation. In the Court's Memorandum and Order of March 15, 2011, granting Plaintiff's initial motion to confirm condemnation authority, the Court stated that FERC's authorization to expand the storage field must be construed to include the right to use the surface of the land to the extent reasonably necessary to operate and maintain the storage field; however, the Court cautioned

> [o]f course, construction of any facility by Northern within the Expansion Area would require FERC's approval . . . .

(Doc. 183, at 16-17.) In the Amended Complaint, Northern now relies on FERC's subsequent Order of April 29, 2011, which stated that Northern's proposed construction activities can be undertaken pursuant to a "blanket certificate authority." (Doc. 203, at 6.) This is one area Defendants claim requires additional legal research and investigation. (Doc. 253, at 3.) Considering the complexities of

FERC practice and procedure, this request is not unreasonable.

After consideration of all the facts and circumstances presented, the Court finds that the two motions for extension of time (Doc. 244, 245) should be granted-in-part and denied-in-part, as follows:

1. The parties are to make their Rule 26(a)(1) disclosures, as agreed, on **July 22, 2011.** The fact that no answer will have been filed yet should not affect Plaintiff's disclosure process, since it is to disclosure the information which it propose to use in the presentation of its case. If Defendants' subsequent answers raise the need to supplement the initial Rule 26(a)(1) disclosures, that can be remedied by later amended disclosures;

2. Defendants shall file their Answers to the Amended Complaint on or before **July 28, 2011**;

3. The parties shall conduct their planning conference, as agreed, on **August 1, 2011 at 9:30 a.m.**, and shall submit their planning report by email to the undersigned magistrate judge at Judge_Bostwick@ksd.uscourts.gov not later than **5:00 p.m. on August 8, 2011**;

4. Defendants' responses to Plaintiff's Supplemental Motion to Confirm

Condemnation Authority and Grant Preliminary Access to Implement Water Injection Program and supporting memorandum shall be filed not later than **5:00 p.m. on August 8, 2011**;[1] and,

5. The Scheduling Conference will remain set for **August 11, 2011 at 10:00 a.m.** as previously noticed, and counsel are to appear in person for the conference.

As to Plaintiff's Motion to Set Hearing (Doc. 247) on the Supplemental Motion to Confirm Condemnation Authority and Grant Preliminary Access to Implement Water Injection Program, Defendants have not opposed such a hearing, but request time to prepare. (Doc. 253, at 2.) The motion is taken under advisement and the assigned trial judge will subsequently set any hearing date.

IT IS SO ORDERED.

Dated at Wichita, Kansas this 15th day of July, 2011.

> S/ DONALD W. BOSTWICK
> DONALD W. BOSTWICK
> U.S. MAGISTRATE JUDGE

---

[1] While this deadline is after the parties planning conference, the court expects counsel for Defendants to be in a position to discuss any discovery issues related to the Motion at the earlier planning conference and to incorporate those issues in the planning report submitted to the court.