IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS          )
COMPANY,                      )
                              )
                  Plaintiff,  )
                              )
v.                            )          No.  10-1232-WEB
                              )
Approximately 9117.53 acres in Pratt,  )
Kingman, and Reno Counties, Kansas,    )
and as further described herein;       )
                              )
Tract No. 1062710 containing 80.00 acres  )
more or less, located in Kingman County,  )
Kansas, and as further described herein;  )
et al.,                       )
                              )
                  Defendants.  )
_____)


**<u>Memorandum and Order</u>**

This matter is before the court on Northern Natural Gas Company's Motion to Appoint a

Commission to Determine Just Compensation (Doc. 170).  The motion was referred to U.S.

Magistrate Judge Donald W. Bostwick, who held a hearing and prepared a Report and

Recommendation (Doc. 254).  Judge Bostwick recommended the appointment of a three-person

commission to determine compensation pursuant to Fed.R.Civ.P. 71.1(h)(2)(A).  (Doc. 254).

Several defendants have objected to this recommendation.  Docs. 276, 291.  *See also* Doc. 302.

     I.  *<u>Summary of Recommendation</u>*.

     A.  Legal Standards for Use of a Commission.  In an action involving eminent domain

under federal law, Fed.R.Civ.P. 71.1 provides that absent a federal statute providing for a special

tribunal, the amount of compensation is to be determined by a jury if one is timely demanded, unless the court instead appoints a commission.[1]  Even if a jury has been so demanded, as here, the court may appoint a three-person commission "because of the character, location, or quantity of the property to be condemned or for other just reasons."[2]

Judge Bostwick thoroughly reviewed the case law on appointment of a commission; none of the parties take issue with his statement of the legal standards.  He noted a series of Tenth Circuit cases in 1952-53 established that parties to a condemnation are ordinarily entitled to a jury as a matter of right "unless under the facts as they appear in the case because of the character, location, or quantity of the property to be condemned, or for other reasons revealed by the facts of the case, the interest of justice warrants the submission of [the] question of value and compensation to a commission."  *See United States v. Theimer*, 199 F.2d 501, 503-04 (10th Cir. 1952).  *See also United States v. Wallace*, 201 F.2d 65 (10th Cir. 1952); *United States v. Waymire*, 202 F.2d 550 (10th Cir. 1953)  In the foregoing cases, the Tenth Circuit upheld the

---

[1] As explained in *United States v. Reynolds*, 397 U.S. 14, 20 (1970), the basic structure of the federal rule on condemnation:

> [m]akes clear that a jury in federal condemnation proceedings is to be confined to the performance of a single narrow but important function-the determination of a compensation award within ground rules established by the trial judge.  The Rule gives the trial court discretion to eliminate a jury entirely. And when a jury is afforded, the sweeping language of the final sentence of the Rule discloses a clear intent to give the district judge a role in condemnation proceedings much broader than he occupies in a conventional jury trial. It is for him to decide 'all issues' other than the precise issue of the amount of compensation to be awarded."

[2] "[I]t has long been settled that there is no constitutional right to a jury in eminent domain proceedings."  *United States v. Reynolds*, 397 U.S. 14,  (1970).

2

appointment of a commission in two out of three instances, reversing the appointment only in *Theimer* where "none of the factors specifically set out in the Rule warranting the judge in taking the case from a jury are present," and the trial court "made no statement or finding of fact as to what prompted it to conclude that the interests of justice demanded the invocation of the extraordinary, rather than to permit the ordinary procedure contemplated by the Rule." *Id*. at 504.  More recently, in *United States v. Hardage*, 58 F.3d 569, 576 (10th Cir. 1995), the court cited the foregoing cases with approval.

Judge Bostwick also reviewed Judge Belot's ruling in *Southern Star Central Gas Pipeline, Inc. v. 842 Mineral and Leasehold Acres of Land in Anderson County, Kansas*, Case No. 08-1313-MLB, Mem. and Order of Mar. 3, 2010 (D. Kan., Doc. 78), involving condemnation of mineral rights to 842 acres, wherein no extraordinary circumstances were found to justify appointment of a commission.  Judge Belot listed the advantages of a commission as described in the Advisory Committee Notes to Rule 71.1 and *Guardian Pipeline, L.L.C. v. 295.49 Acres of Land*, 2008 WL 2483005 (E.D. Wis., June 18, 2005), including: preventing discrimination and providing for uniform results; ease of travel for landowners since commissioners can travel and receive evidence near the property; impracticability of taking jurors long distances to view premises; and reducing the burden on the courts arising from jury proceedings.  Judge Belot concluded that none of the advantages of a commission were present. He found that only six leases were involved in the condemnation; that multiple jury trials would not be conducted so there was no risk of inconsistent verdicts; that the plaintiff demanded the jury trial and was willing to accept any extra costs associated with it; that viewing the property was likely unnecessary but at any rate could be accomplished in a single day; and that the burden

on the court did not justify denial of a jury trial.  Judge Belot acknowledged the case was more complex than a routine condemnation of a single property, but concluded the complexities were the responsibility of the experts and that the lawyers could present the issues to a jury in an understandable way.

B.  Judge Bostwick's Findings & Recommendation.  Judge Bostwick first found in reviewing the character and location of the property that it was not located so far from Wichita as to be a burden on any party with respect to travel or viewing the property.  But because the property involves underground strata, and because he concluded valuation will likely require an assessment of the native gas located in the formations, he found that the character of the property to be taken was so complex that various types of expert testimony would be required.  Moreover, because the area encompasses nearly 9,300 acres, he said there will likely be differences that will require valuation on a tract-by-tract basis rather than by applying a simple formula to all of the tracts.  Doc. 254 at 14.  Although multiple jury trials will not likely be required, he said "it certainly will be easier and much more efficient for a commission to gather the necessary information and distinguish between factors applicable to each specific tract of property being condemned."  *Id.*  He further found the character and quantity of property involved "far exceeds ... [that] involved in any of the above-referenced condemnation cases from the circuit or from this court," and "[t]he facts support a finding that this is an exceptional proceeding involving extraordinary circumstances that are similar in nature to those experienced in large governmental condemnations such as the TVA project."  *Id*. at 14-15.

Judge Bostwick recommended the appointment of a commission to determine value, noting that three persons with specialized knowledge – such as a lawyer, geologist/petroleum

engineer, and real estate appraiser – could more readily assess and distinguish the factors relevant to valuation than could a jury.  He also recommended that the commission be paid in this action;  that up to two additional alternate commissioners be appointed; that the court set a procedure to comply with Rule 71.1(h)(2)(C); and that the commission be granted the powers of a special master under Rule 53(c).  Finally, he recommended that the court defer the matter of instructions to a later date and direct the parties to confer about proposed instructions to the commission.

II.  *Summary of Objections*.

The "Producer Defendants" argue the circumstances are not so extraordinary as to warrant a deviation from the general rule of having a jury determine compensation.  Doc. 276.  Although they concede that a large number of parties and tracts are involved, they believe "the character of the property to be condemned ... is similar throughout the Authorized Expansion Area," such that the case could be decided by a jury "making a small number of specific determinations."  *Id*. at 4.  They say if the jury does not have to value each interest separately, the proceeding would then be similar to condemnation of property owned by a single party.  The defendants could work together to divide a total award, they argue, with the jury having to make at most three determinations – assigning separate values to the landowners' interests for storage capacity and the producers' interests for gas to be taken, and insofar as surface interests are concerned, assigning a value for each well bore to be taken, with the court then multiplying the figure by the total number of well bores taken.

Defendants argue a tract-by-tract determination of native gas concentrations is unnecessary and at any rate "could be eliminated by a single determination of value for the gas

in the Authorized Expansion Area," similar to the uniform damages awarded by a jury under this

court's instructions in *Beck v. Northern Nat. Gas Co.*, 1997 WL 1048337 (D. Kan., Sept. 23,

1997). Doc. 276 at 6. Defendants' assertion is based in part on a belief that they are entitled to

ownership of all of the natural gas in the Extension Area, and in part on an assumption "that the

Defendants can agree on division of a general condemnation award." With such an agreement,

they say, "all of Judge Belot's analysis [in *Southern Star*] would also apply in this case." In the

alternative, defendants argue the court should either take Northern's motion under advisement or

deny it without prejudice and await a ruling by the Kansas Supreme Court or the Tenth Circuit

Court of Appeals concerning ownership of the gas in the Expansion Area. If these courts rule

that the landowners and producers own all of the storage gas in the Expansion Area, defendants

believe the compensation issue would be greatly simplified and should then be submitted to a

jury. Defendants also argue the court should delay a ruling "if the Court questions the

Defendants' ability to reach agreement as to how they would divide a single condemnation

award among themselves," and "should give the Defendants a reasonable amount of time to

devise a distribution plan, to be presented to the Court for approval." *Id*. at 10-11. The same or

similar objections are asserted by a number of other defendants, including the Meireis

Landowner Group. Doc. 291.

    III. *Discussion*.

    On a Report and Recommendation made pursuant to 28 U.S.C. § 636(b)(1)(B), the

district court must make a *de novo* determination of those matters objected to by a party. *See*

*e.g., First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir.2000); 28 U.S.C. §

636(b)(1)(B) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made.").

Judge Bostwick accurately noted that the location of the property at issue in this case does not favor appointment of a commission. All of the property is located relatively close to Wichita, such that it does not present a significant burden in terms of travel to the courthouse or to view the property. Still, a commission would have the flexibility to conduct hearings near the location of property owners or to easily visit the property at issue. But aside from location, the character and quantity of the property involved both weigh in favor of a commission. The condemnation at issue appears to involve valuation of a number of different types of property interests – including existing mineral rights, storage rights, surface rights, and leasehold rights. The case will likely require an assessment of the amount of economically recoverable gas that is present in the Expansion Area. And although defendants contend no distinction need be made between native gas and storage gas in the Expansion Area, under the current posture of the case such a distinction will likely have to be made. Such an assessment may be based in part on complex evidence relating to the mechanics of gas migration into the Expansion Area, and the date on which storage gas likely migrated out of the storage field. None of these types of issues appear to have been involved in the *Southern Star* condemnation. In that regard, the court notes evidence has previously been presented in this case suggesting there are variations in concentrations of storage versus native gas in different sections of the Expansion Area. As Judge Bostwick suggested, the fact that the condemnation involves some 9,300 acres makes it likely that differences will be evident between various tracts being taken. A significant number of property owners are involved in the proceeding. In terms of presenting evidence and taking these factors into account for purposes of valuation, the court believes that a commission

comprised of individuals with some expertise in the areas of petroleum geology/engineering, law, and real estate appraisal would have a distinct advantage over a jury. *Compare Rockies Exp. Pipeline LLC v. 77.620 Acres More or Less*, 2009 WL 57481 (C.D. Ill., Jan. 7, 2009) (case involved only five properties and nine defendants and "nothing suggests that the character of the land will cause any difficulties or require the expertise of a commission.") *and Guardian Pipeline, LLC v. 295.49 Acres of Land*, 2008 WL 2482005 (E.D. Wis., June 18, 2008) ("*Theimer* clearly has no application where some 180 separate tracts along a 120-mile pipeline route are at issue.").

The character and quantity of the property being condemned make this an exceptional case. The court agrees with Judge Bostwick's assessment that a commission would be able to handle the condemnation more efficiently than if the compensation issue were presented to a jury. A properly selected commission will also better promote uniformity of awards to the various property owners involved and avoid issues of discrimination or sympathy that can potentially effect condemnation proceedings. The appointment of a commission rather than a jury would also lessen the burden on the court system in what so far has been a contentious battle between the parties. Taking into account the character, location, and quantity of the property to be condemned, the court concludes that plaintiff's motion to appoint a commission should be granted.

The court has considered, but rejected, the defendants' suggestion to await the decision of the Kansas Supreme Court or the Tenth Circuit before ruling on the instant motion. The timing (and substance) of any such ruling is uncertain, and the case should not be placed on hold while preparations can be made to move forward with the condemnation. The federal law on

8

condemnation is intended to provide for a speedy and efficient remedy, a goal that would be thwarted by such an unnecessary delay.

None of the parties has specifically objected to the remainder of Judge Bostwick's recommendations, such as his recommendation for the appointment of two alternates, to allocate the costs associated with the appointment a commission, to grant the commissioners the powers of a special master, to establish a procedure for identifying and allowing examination of prospective commissioners, and for deferring the issue of instructions until after the parties have attempted to stipulate to proposed instructions. The court concludes that these recommendations are likewise sound and appropriate and should be adopted.

IV. _Conclusion_.

The defendant's objections to the July 13, 2011 Report and Recommendation of Judge Bostwick (See Doc. 254) are OVERRULED. The court finds the Report and Recommendation should be, and is, hereby adopted. Accordingly, Northern's Motion to Appoint a Commission to Determine Just Compensation (Doc. 170) is GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court hereby designates Judge Bostwick to hear and determine the appointment of three commissioners and two alternates, to determine and set a schedule for any examination of the commissioners by the parties, and to determine any objections to the commissioners so appointed.

IT IS SO ORDERED this   15th   Day of September, 2011, at Wichita, Ks.


s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge