**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-1232-MLB-DWB |
| Approximately 9117.53 acres in Pratt, Kingman, and Reno Counties, Kansas and as further described herein; | ) ) ) ) ) ) | |
| Tract No. 1062710 containing 80.00 acres more or less, located in Kingman County, Kansas, and as further described herein, et al. | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

<u>**ORDER DENYING NORTHERN'S MOTION TO COMPEL**</u>
<u>**AGAINST THE L.D. DRILLING GROUP**</u>

Plaintiff, Northern Natural Gas Company (Northern) has filed a motion to compel against the L.D. Drilling Group[1] and a subsequent Notice of Errata. (Doc's 537, 541.)  The L.D. Drilling Group has responded (Doc. 578), and Northern has filed a Reply.  (Doc. 585.)  While the motion deals with several topics, the main

---

[1] The Scheduling Order of August 11, 2011 (Doc. 306, at pp. 2-5) organized the defendants into "groups."  This grouping was suggested and defined by the parties in their Report of Parties' Planning Conference in order to promote efficiency and judicial economy.

thrust of the motion is directed at whether the L.D. Drilling Group has adequately searched for and produced electronically stored information (ESI).

Northern has filed similar motions directed at other defendants in this case and those motions were discussed and ruled on at the recent status conference on October 19, 2012. *See* Doc. 570. In denying those motions, without prejudice to renewal in the future, the court noted that the factual circumstances concerning the ESI issues have not been fully developed and it would be premature to rule on the motions at this time. Because the parties were directed to commence depositions of fact witnesses (some of which have now been scheduled, *see e.g.*, Doc. 583), Northern will be entitled during those fact depositions to more fully develop the record on the issue of any ESI discovery issues.

The same circumstances are present in the present motion to compel directed to the L.D. Drilling Group. Northern bases its claim that L.D. Drilling Group has not adequately searched for ESI upon one instance of recently identified electronic files of the GLM entity and upon the supposition that geologists working for L.D. Drilling "may have utilized sophisticated software to generate one or more structure maps." (Doc. 585, at 5.) They cite two instances where references were made in documents to an Excel spreadsheet and a Power Point Presentation which were not produced by L. D. Drilling. *Id.* While these

2

circumstances do raise some questions, they are not sufficient to justify the court's intervention until further discovery has been conducted concerning this issue.[2]

Accordingly, this motion to compel (Doc. 537) is also DENIED, without prejudice to renewal after appropriate fact discovery has been conducted.

**IT IS SO ORDERED**.

Dated this 5th day of December, 2012, at Wichita, Kansas.

_s/  DONALD W. BOSTWICK_
Donald W. Bostwick
U.S. Magistrate Judge

---

[2] In Robinson v. City of Arkansas City, Kansas, 2012 WL 603576 at * 15 (D. Kan., Feb. 24, 2012), Judge Rushfelt proceeded to independently determine the sufficiency of ESI search efforts by a defendant.  In that case, however, the plaintiff had already conducted a Rule 30(b)(6) deposition to ascertain what efforts the defendant had made to find ESI materials.  Here, no such discovery has yet taken place and much of the argument about ESI search efforts are speculative in nature.