# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-1232-MLB-DWB |
| Approximately 9117.53 acres in Pratt, Kingman, and Reno Counties, Kansas and as further described herein; | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

Defendant, Nash Oil & Gas, Inc. (Nash) has filed a Motion to Quash Records Subpoena Issued to Platt, Sparks & Associates, Consulting Petroleum Engineers, Inc., along with a supporting memorandum brief.   (Doc's 608, 609.) Plaintiff, Northern Natural Gas Company (Northern), has filed its Response (Doc. 622), and Nash has filed a Reply Memorandum.  (Doc. 629.)  After reviewing the motion and briefs, the Court is prepared to rule.  For the reasons set forth below, the motion is granted.

## FACTS

At a status conference on October 19, 2012, the Court entered an order

requiring defendants serve a designation of experts they intend to use in this case not later than November 19, 2012.  (Doc. 570, at 7.)  The Court had previously required Northern to file a designation of any expert witnesses it intended to call by October 15, 2012.  (Doc. 508, at 5.)

A week after the status conference, and before defendants were required to identify their experts, Northern filed its Notice of Intent to Issue Subpoenas to Produce Documents, Information or Objects from seventeen separate individuals or entities, including a subpoena to be directed to Platt, Sparks & Associates Consulting Petroleum Engineers, Inc. (Platt Sparks)  (Doc. 576-10.)  That subpoena set out six paragraphs of documents which were to be produced by Platt Sparks, including opinions and conclusions concerning petroleum engineering consulting services performed by Platt Sparks for Nash in 2009, and services performed by Platt Sparks concerning any wells located in the Expansion Area which is the subject of this condemnation action.  (Doc. 576-10, at Ex. B.)

Thereafter, on November 19, 2012, the producer defendants, including Nash, filed a joint designation of expert witnesses identifying seven individuals as experts.  (Doc. 599.)  Of the seven individuals identified, the producers stated that six of them "may provide testimony" on various identified topics.  As to the seventh individual, Cary McGregor of Platt Sparks, the designation stated that he

"will provide testimony" on topics of petroleum engineering and valuation of oil and gas properties.  (Doc. 599, at 2.)  Counsel for Nash then contacted Northern's counsel and argued that the subpoena was improper and stated that if Northern pushed forward with the subpoena, Nash would have to move to quash it.  (Doc. 609-1.)  Apparently, Northern decided not to withdraw the subpoena, and Nash filed the present motion to quash this subpoena.

## DISCUSSION

It is important to note that the court's requirement that defendants identify the names of experts they intend to use in this case was a preliminary matter designed to identify potential experts prior to establishing a later formal deadline for expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).  As the court noted during the hearing, " We're not trying to hold you [defendants] to anything at this point in time in terms of who your experts are going to be."  (Doc. 575, at 37, lines 23-25.)  Therefore, Nash's statement that it has not <u>finally</u> designated Platt Sparks as a testifying expert is understandable, notwithstanding the specific language used in the written designation.

Furthermore, even if Platt Sparks has been currently identified as a testifying expert for defendants, this does not preclude a party from switching a testifying expert to the position of a consulting expert.  *See e.g.*, Matt Corbin and

Casey Tourtillott, "Fair Game or Out of Bounds: Tackling Expert Discovery in Kansas Federal Courts," 82 KAN. BAR ASSOC. JOURNAL 30, 32 (2013).[1]  Thus, at this preliminary stage of the proceedings, it is uncertain which rules will ultimately govern attempted discovery of McGregor and Platt Sparks.

However, even assuming *arguendo* that Platt Sparks' Cary McGregor is a testifying expert, the court has concerns about allowing subpoenas for records from the expert <u>prior</u> to his publication of an expert report stating his opinions which is required by Rule 26(a)(2)(B).  Clearly, as Northern acknowledges, if a testifying expert is required to prepare a written report under Rule 26(a)(2)(B), no party may seek to take a deposition of a testifying expert until that expert has submitted a report.  Fed. R. Civ. P. 26(b)(4)(A).  Northern argues, however, that Rule 26(b)(4)(A) does not bar discovery of an expert by means other than a deposition, and that the time limitations applicable to depositions in Rule 26(b)(4)(A) do not apply to other types of expert discovery such as records subpoenas.

---

[1]  The article notes that two Kansas cases have held that an attorney can retroactively invoke the exceptional circumstances standard of Fed. R. Civ. P. 26(b)(4)(D) by subsequently converting a testifying expert into a consulting expert.  *See* <u>Employers Reinsurance Corp. v. Clarendon Nat'l Ins. Co.</u>, 213 F.R.D. 422, 426 (D. Kan. 2003); <u>Cooper v. Ciccarelli,</u> No. 07-2434-GLR, 2009 WL 3053743 at * 2-*3 (D. Kan., Sept. 18, 2009).

Northern cites the 2010 Notes of Advisory Committee[2] as well as two

opinions from Kansas courts[3] for the general proposition that discovery of an

expert may be conducted by discovery procedures other than depositions.

Northern would also construe these authorities to <u>imply</u> that the timing limitation

applicable to depositions is not applicable to other types of discovery so that other

discovery, such as records subpoenas, can be initiated and served at any time.  In

making that argument, Northern concedes that none of the cited authorities

specifically states that such discovery can proceed prior to issuance of an expert

report, and also concedes that the two Kansas cases involve factual situations

where the disputed subpoenas were only issued <u>after</u> the preparation of the

expert's formal written report.  (Doc. 622, at 5 n. 3.)

The fact that Northern can cite no case where the court allowed document

---

[2]  The specific provision in Rule 26(b)(4)(A) concerning depositions was added to the rule in the 1993 amendments to conform the rule to actual practice in the courts where depositions of experts had been allowed by most courts.  1993 Notes of Advisory Committee.  The 2010 amendments amended Rule 26(b)(4) by adding new subparagraphs (B) and (C) to provide work product protection to drafts of expert reports and to attorney expert communications, with certain specific exceptions.  The 2010 Notes of Advisory Committee then note that "[t]he most frequent method for discovering the work of expert witnesses is by deposition, but Rules 26(b)(4)(B) and (C) apply to all forms of discovery."

[3]  <u>W. Res., Inc. v. Union Pac. R. Co</u>, No. 00-2043-CM, 2002 WL 1822428 (D. Kan., July 23, 2002); <u>Rajala, as Bankruptcy Trustee for Ethanex Energy v. McGuirewoods,</u> No. 08-2638-CM-DJW, Doc. No. 415 (Order of Special Master) (D. Kan. Mar. 6, 2012).

subpoenas to be issued to an expert witness prior to the preparation and

submission of the expert's written report supports this court's understanding of the

normal federal practice of expert discovery in this district – first the expert report,

then, if necessary, additional discovery.  The court does not believe that the

authorities cited by Northern can be construed to change this normal procedure.

Even if the authorities did impliedly allow for non-deposition discovery of

an expert witnesses prior to preparation of the expert's report, this court has the

power to establish the priority of discovery by specific order.[4]  In this case the

court has determined, and therefore orders, that any discovery of testifying expert

witnesses shall be allowed only after such testifying expert has prepared and

produced a formal written report at the time required by the court.  Since no

deadline has yet been set for defendants to submit formal written expert reports,

the subpoena to Platt Sparks is premature.

Northern argues that even if it is unable to receive discovery until after Platt

---

[4]  When subsection (b)(4) was added to Rule 26 in 1970 to deal with discovery of experts, the advisory committee specifically noted that "[t]he court may order further discovery, and it has ample power to regulate its timing and scope and to prevent abuse." 1970 Advisory Committee Notes.  The 1970 amendments also added a new subsection (d) concerning the sequence and priority of discovery in general which the committee noted was "to make clear and explicit the court's power to establish priority by an order issued in a particular case."  1970 Advisory Committee Notes.  Thus, from the beginning, the authority of the court to govern the timing and sequence of discovery, including expert discovery, has been recognized and preserved.

Sparks has issued its expert report, it should be entitled to receive documents in

Platt Sparks possession concerning prior engagements in which Platt Sparks

served as "an expert or consultant." (Doc. 622, at 6.)  The court disagrees.  To

begin expert discovery piecemeal before issuance of an expert report, would

necessarily lead to confusion and likely duplication of efforts, with resulting

additional burden and expense on the producing party.[5]  Where the legal right to

commence early expert discovery is substantially in dispute, as it is here, any

additional effort and expense that such discovery would impose on a producing

party can be considered as an undue burden.  This justifies a protective order

quashing the early discovery.

Finally, delaying expert discovery will not adversely affect Northern since it

will be in a position to reissue the subpoena, with modifications to comply with

the provisions of Fed. R. Civ. P. 26(b)(4)(B) and (C), after receipt of the Platt

Sparks report and prior to McGregor's deposition.  This will allow adequate

---

[5] Northern also argues that it is unfair to delay expert discovery of defendants'
experts because Northern has previously provided defendants with all documents which
include facts or data that have been provided to Northern's experts. (Doc. 622, at 6.)  The
court disagrees.  Northern's experts have been working on issues related to this action for
several years prior to the instigation of this condemnation.  To the extent that their
opinions and information have already been provided to defendants is due, in main part,
to the fact that Northern needed to use these opinions and facts in Case No. 08-1405 in
order to support its motion for an injunction to shut in production by defendants, and
early in this case to support its motion for an injunction to obtain early access to the
Expansion Area to begin construction of its facilities.

preparation for cross-examination of McGregor before his deposition is taken.


IT IS THEREFORE ORDERED that the Motion to Quash Records

Subpoena Issued to Platt, Sparks & Associates, Consulting Petroleum Engineers,

Inc. (Doc. 608) is hereby GRANTED.

Dated at Wichita, Kansas this 23rd day of January, 2013.

s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE