**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
OFFICE OF THE MAGISTRATE JUDGE
ROOM 132
UNITED STATES COURTHOUSE
**WICHITA, KANSAS 67202**

**DONALD W. BOSTWICK**  　　　　　January 26, 2013　　　　　Phone: 316-315-4277
UNITED STATES MAGISTRATE JUDGE　　　　　　　　　　　　　　　　　Fax:　　316-315-4271

TO:　Counsel of Record

RE:　Northern Natural Gas Company Condemnation
　　　Case No. 10-1232

Dear Counsel:

　　On Wednesday, January 23, 2012, I was contacted on two occasions by counsel during depositions being taken by defendants of Northern's witnesses. The dispute arose in the first deposition when it was determined that the witness had been provided with a CD containing documents selected by Northern's counsel prior to his deposition. During questioning, the witness acknowledged that he had reviewed the documents prior to his deposition and that they did refresh his recollection. Defendants' counsel then requested the CD for review and Northern's counsel refused, claiming that the selection of documents by counsel for review by the witness constituted attorney work product and should not be produced. It appears that all documents on the CD were documents which Northern's counsel had previously produced during discovery in this case.

　　Afer hearing statements of counsel during the first call, I decided that defendants were entitled to review the CD. I allowed Northern to review the CD over the noon hour recess to determine if any of the specific documents on the CD might individually constitute work product or attorney product that might raise additional issues of production. Counsel for Northern indicated that they did not believe that any of the documents on the CD were items of work product or attorney client privilege.

　　Later in the afternoon, I was contacted again about two additional depositions that were to be taken on Thursday and Friday of Northern witnesses and the same issue was presented: if the witnesses indicated that they reviewed the CD documents prior to their deposition were defendants entitled to review the CD's. Since it was represented that the CD's contained voluminous documents, defendants

Date:  January 26, 2013
Case No.:
Page 2

requested that the two upcoming depositions be postponed until they had the opportunity to review the CD documents for each witness.  Northern objected to any continuance and continued to object to production of any documents that were selected by counsel for review by the witnesses.  After hearing arguments, I determined that the depositions should proceed so that the parties could make their record about whether the witnesses had reviewed the documents and whether they had refreshed their recollection.  Defendants were also to proceed with their prepared outline for the depositions, leaving the issue of production of the CDs for future resolution and possible re-deposition of the witnesses if the court allowed defendants to review the CD documents.  I also invited further argument of this issue at the upcoming status conference on Wednesday, January 30.

     I have now taken the opportunity to conduct some basic research on the issue of whether documents selected by counsel and given to a witness prior to a deposition for review constitute work product.  I commend your attention to the detailed discussion of this issue in the case of <u>State of New Jersey v. Sprint Corporation</u>, 258 F.R.D. 421, 433-37 (D. Kan. 2009).  In that case, Judge O'Hara notes that the Tenth Circuit has not ruled on this issue, and that there are two inconsistent cases in the District of Kansas: <u>Audiotext Communications Newtwork, Inc. v. U.S. Telecom, Inc</u>., 164 F.R.D. 250 (D. Kan. 1996) and <u>Aguinaga v. John Morrell & Co.</u>, 112 F.R.D. 671 (D. Kan. 1986). Judge O'Hara decided to follow the Judge Rushfelt's holding in <u>Audiotext</u> that attorney selection does not constitute work product. He notes that Judge Waxse had also followed the <u>Audiotext</u> holding in <u>Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.</u>, No. 01-2009, 2009 WL 1478659 at * 1 (D. Kan. Nov. 8, 2009).  My quick research did not find any opinion by any of the magistrate judges in Kansas which rejected the <u>Audiotext</u> holding.

     I will be happy to hear from you at the January 30 status conference on this issue.

                       Very truly yours,

                       *s/ DONALD W. BOSTWICK*

                       Donald W. Bostwick
                       United States Magistrate Judge