IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

*Plaintiff,*

*vs*.

APPROXIMATELY 9117.53 ACRES IN PRATT, KINGMAN, AND RENO COUNTIES, KANSAS, et al,

*Defendants.*

Case No. 10-1232-MLB-DWB

**L.D. DRILLING, INC.'S BRIEF ON WHETHER DOCUMENTS SELECTED BY COUNSEL AND GIVEN TO A WITNESS FOR REVIEW PRIOR TO A DEPOSITION CONSTITUTE WORK PRODUCT**

On January 26, 2013, Magistrate Judge Bostwick wrote a letter to counsel regarding the issue of whether otherwise discoverable documents are transformed into protected work product by virtue of counsel selecting them and providing them to a witness for review prior to a deposition. The Court noted that there are two inconsistent cases in the District of Kansas on this issue and welcomed input from counsel at the January 30 status conference. After researching the issue, we believe it is fair to say that case law in this Court and other courts overwhelmingly indicates that the mere selection and grouping of discoverable documents does not transform them into work product and Northern should therefore be ordered to turn over the documents at issue.

**I. Factual Summary**

Prior to three separate depositions, Northern's counsel provided deponents with a CD containing documents specifically selected by the Northern lawyers to help the deponents

prepare their testimony. During questioning, the first two deponents[1] confirmed that the documents had been reviewed and did, in fact, refresh his recollection. When counsel for LD Drilling requested the CD for review, Northern's counsel refused, claiming that the selection of documents for review by the witness was protected work product. None of the documents on the CD were otherwise privileged and they had all been previously produced by Northern.

## II. Recent District of Kansas case law and other authorities overwhelmingly support the proposition that the selecting and grouping of information does not transform discoverable documents into work product.

As this Court noted, there are conflicting cases in the District of Kansas on the issue of whether the selection of documents by an attorney for the purpose of refreshing a witness's memory in preparation for testifying transforms otherwise discoverable documents into protected work product. *Compare Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, 164 F.R.D. 250, 252–53 (1996) (Rushfelt, Mag. J.) (holding that the "selecting and grouping of information does not transform discoverable documents into work product"), *with Aguinaga v. John Morrell & Co.*, 112 F.R.D. 671 (D. Kan. 1986) (Theis, J.) (holding that "the process of selecting the . . . documents is protected by the attorney opinion work product doctrine"). However, our additional research reveals all of the recent opinions from this Court expressly support the *Audiotext* approach; none supports the older, *Aguinaga* approach.

Following *Audiotext*, no opinion by any Kansas magistrate judge has rejected its holding or rationale; to the contrary, a string of opinions have approvingly applied it. *See, e.g.*, *Beach v. City of Olathe*, 2000 WL 960808, at *11–12 (D. Kan. July 6, 2000) (Waxse, Mag. J.) (finding the rule "as stated in *Audiotext* to be controlling"; i.e., that the "selecting and grouping of information does not transform discoverable documents into work product"); *Am. Cas. Co. of*

[1]The third deposition was postponed by agreement of counsel because of the illness of Jim H. Goering, L.D. Drilling's counsel; that deposition will be rescheduled.

*Reading, PA v. Healthcare Indem., Inc.*, 2001 WL 1718275, at *3 (D. Kan. May 21, 2001) (Waxse, Mag. J.) (citing *Audiotext*, and noting that the objecting party's suggestion that the "selecting and grouping of the documents . . . in and of itself accords them protection . . . ignores prior decisions of this Court"); *Williams v. Sprint/United Mgmt. Co.*, 2007 WL 634873, at *4 (D. Kan. Feb. 27, 2007) (Waxse, Mag. J.) ("The cases cited by [the objecting party] however are inconsistent with the District of Kansas cases holding that mere selection and grouping of information does not transform discoverable documents into work product."); *U.S. Fire Ins. Co v. Bunge N. Am., Inc.*, 2008 WL 2548129, at *10 (D. Kan. June 23, 2008) (Waxse, Mag. J.) ("This Court has previously held (in the context of an inquiry into what documents a deponent reviewed prior to a deposition) that the selection and grouping of information does not transform discoverable documents into work product."); *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 435–37 (D. Kan. 2009) (O'Hara, Mag. J.) (noting the conflict between *Audiotext* and *Aguinaga*, and finding that "the ruling and reasoning in *Audiotext* [is] more persuasive than that in *Aguinaga*," and holding that attorney selection of discoverable documents does not transform them into protected work product). Other authorities hold similarly. *See* 1 McCormick on Evid. § 9 (6th ed.) ("[T]he clear trend in the federal cases has been to hold that rule 612 overrides all privilege claims, at least when the witness consulted the writing pretrial for the specific purpose of freshening his memory in order to testify."); *San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1018 (1st Cir. 1988) (compelled disclosure of document lists does not implicate opinion work product).

In its letter, the Court correctly noted that the conflicting case law on this issue was expressly addressed by Magistrate Judge Waxse in *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, 2001 WL 1478659, at *2 (D. Kan. Nov. 8, 2001). There, Judge Waxse again

affirmed the *Audiotext* holding over earlier, contrary case law and held that "[t]o the extent that *Audiotext* and *Aguinaga* are inconsistent, the Court holds that Judge Rushfelt's more recent decision in *Audiotext* to be the appropriate basis for ruling in this matter." *Pepsi-Cola*, 2001 WL 1478659, at *2.

Judge Waxse's Order in *Pepsi-Cola* was later challenged, and District Court Judge Vratil agreed with the magistrate judge, and the *Audiotext* opinion, noting that even if the documents at issue "were selected by [the objecting party's] attorney, the subject matter is so undifferentiated, that its potential for invasion of work product is minuscule at best." *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, 2002 WL 113879, at *2 (D. Kan. Jan. 22, 2002) (Vratil, J.) (quoting *Sporck v. Peil*, 759 F.2d 312, 319 (3d Cir. 1985) (Seitz, J. dissenting)).

**III. Rule 612 supports production of documents a witness uses to refresh his memory for testifying, and case law from this Court support its application here.**

Rule 612 provides that "if a witness uses a writing to refresh his memory for the purpose of testifying," either while testifying or before testifying, the adverse party "is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony" if the court decides that justice requires. In the course of repeatedly affirming the *Audiotext* approach, several magistrate judges in Kansas have clarified its rationale. First, as here, when the documents at issue were previously produced, the same would have "destroyed any privilege status that existed before the production." *New Jersey*, 258 F.R.D. at 436 (citing *Audiotext*, 164 F.R.D. at 253).

Moreover, when the documents impacted the witness's testimony, Rule 612 applies and the materials must be produced. *Id.* (citing *Audiotext*, 164 F.R.D. at 254). Even further, in *Pepsi-Cola*, Judge Waxse found that "the identities of the documents were objective facts and were not, in themselves, the opinion or thought processes of an attorney." *Id.* (citing *Pepsi-Cola*,

2002 WL 113879, at *2). Ultimately, the Courts has simply rejected the notion that one can somehow extrapolate backwards "from the results of a selection process to determine the reason a document was selected":

> Having prepared literally hundreds of witnesses for deposition and trial while in private practice, the undersigned simply believes it is too big a leap to suggest that the mere identification of documents a witness reviews at the direction of counsel improperly provides a roadmap of the attorney's strategies and opinions. As stated earlier, all documents reviewed by the deponents have been previously produced to the lead plaintiff, and defense counsel's selection and grouping of the documents does not magically transform them into work product.

*Id.* at 436–37.

As in the above-cited cases, the documents contained on the CD Northern provided to its witnesses in preparation of their depositions have been previously produced. Since *Audiotext* in 1996, there has been significant case law out of this Court that speak to this very issue, and in each instance, the Court has adopted the *Audiotext* approach as well reasoned and sound. So, too, should the court hold here and Northern should be ordered to produce the CD its witnesses used in preparation of testifying.

**Conclusion**

In his letter to counsel, Judge Bostwick rightly noted that the recent decisions of this Court unanimously affirm the *Audiotext* approach. Attorney selection of documents used to prepare a witness for deposition testimony does not transform discoverable documents into work product. Here, Northern's counsel selected discoverable documents and copied them onto CDs that the deponents used and admitted actually refreshed their memory in preparing to testify at their depositions. This Court should order Northern to produce those CDs.

Respectfully submitted,

Timothy B. Mustaine, #10758
Daniel J. Buller, #25002
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 267-6371
tmustaine@foulston.com

*Attorneys for Defendants*
*L.D. Drilling, Inc., et al.*

By /s/ Timothy B. Mustaine
Timothy B. Mustaine, #10758

**Certificate of Service**

I hereby certify that on this 29th day of January, 2013, I electronically filed the foregoing (and attachments, if any) with the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Richard A. Olmstead (richard.olmstead@kutakrock.com)
Kutak Rock, LLP.
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206-6634

- and -

Mark D. Coldiron (mcoldiron@ryanwhaley.com)
Paula M. Jantzen (pjantzen@ryanwhaley.com)
Corey A. Neller (cneller@ryanwhaley.com)
Ryan Whaley Coldiron Shandy PC
119 N. Robinson
900 Robinson Renaissance
Oklahoma City, OK 73102

*Attorneys for Plaintiff*
*Northern Natural Gas Co.*

John V. Black (prcoatty@hotmail.com)
Black's Law Office, P.A.
306 S. Oak
Pratt, Kansas 67124

*Attorneys for Landowner*
*Defendants Hudson et al.*

Stephen E. Robison (srobison@fleeson.com)
Gregory J. Stucky (gstucky@fleeson.com)
David G. Seely (dseely@fleeson.com)
Daniel E. Lawrence (dlawrence@fleeson.com)
Fleeson, Gooing Coulson & Kitch, LLC
301 N. Main, Suite 1900
P.O. Box 997
Wichita, KS 67201

- and –

Gordon B. Stull (gstull@stull-law.com)
John D. Beverlin II (johnb@stull-law.com)
Stull Law Office, P.A.
1320 E. First Street
Pratt, Kansas 67124

*Attorneys for Landowner*
*Defendants Huff, et al.*

Robert R. Eisenhauer (je-pratt@sbcglobal.net)
Johnston & Eisenhauer
P.O. Drawer 825
113 E. Third
Pratt, KS 67124

*Attorneys for Landowner*
*Defendants Meireis, et al.*

Jeffrey L. Carmichael (jcarmichael@morrislaing.com)
Will B. Wohlford (wwohlford@morrislaing.com)
Morris, Laing, Evans, Brock
& Kennedy, Chtd.
300 N. Mead, Suite 200
Wichita, KS 67202

*Attorneys for Defendants*
*Val Energy Inc., et al.*

Timothy E. McKee (temckee@twgfirm.com)
Amy Fellows Cline (amycline@twgfirm.com)
Shane A. Rosson (sarosson@twgfirm.com)
Triplett, Woolf & Garretson, LLC
2959 N. Rock Rd., Suite 300
Wichita, KS 67226

*Attorneys for Defendant*
*Five Star Energy, Inc.*

Emily B. Metzger (emily.metzger@usdoj.gov)
Office of the United States Attorney
301 N. Main St., Suite 1200
Wichita, KS 67202

*Attorneys for Defendant*
*United State Department of Agriculture*

Brian J. Madden (bmadden@wcllp.com)
Adam S. Davis (adavis@wcllp.com)
Wagstaff & Cartmell, LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112

*Attorneys for Defendants*
*Nash Oil & Gas, Inc., et al.*

/s/ Jim H. Goering
Jim H. Goering, #11806