# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 10-1232-MLB-DWB |
| Approximately 9117.53 acres in Pratt, Kingman, and Reno Counties, Kansas and as further described herein; | ) ) ) ) ) ) |
| Tract No. 1062710 containing 80.00 acres more or less, located in Kingman County, Kansas, and as further described herein, et al. | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Presently before the court is a motion for reconsideration (Doc. 747) by Northern Natural Gas Company (Northern) seeking revisions in the court's prior Memorandum and Order (Doc. 740) denying Northern's motion to compel defendant L.D. Drilling, Inc. to allow Northern to enter onto L.D. Drilling's leases in the "Section 28 Area" for purposes of collecting gas samples. L.D. Drilling has filed a response objecting to the motion for reconsideration. (Doc. 758). No

reply has been filed and the time for filing a reply has expired. *See* D. Kan. Rule 6.1(d)(1).

Northern is not asking the court to reconsider its denial of the motion to compel. Instead, Northern seeks reconsideration of two findings made in the order. Northern asks the court to strike from the record the finding that "a determination of a migration pathway is not relevant to the valuation issue in this condemnation case" and to expressly recognize that evidence of the migration pathway is relevant to the valuation issue in this condemnation action. (Doc. 747, at 5-6). The motion for reconsideration is based in part on the allegation that the court misapprehended statements by Northern's counsel at the September 4, 2013 status conference.

Northern's motion to compel requested well testing of the "Section 28" wells and stated that the results of these tests "are valuable evidence to demonstrate (1) whether a migration pathway exists between the western-most Expansion Area well areas . . . ." (Doc. 714, at 4). The court's concern centered on the fact that the wells which Northern sought to test were located well <u>outside</u> the Expansion Area, and in some cases more than a section away from the boundaries of the Expansion Area. Also of concern to the court was the fact that Northern had an observation well located <u>inside</u> the boundaries of the Expansion

Area (between the western portion of the Expansion Area and the "Section 28" wells Northern sought to test) which should provide adequate information about any possible migration pathways <u>inside</u> the western portion of the Expansion Area. The court concluded that

> Northern has not explained in its motion, how the well tests on property <u>outside the Expansion Area</u> (which is the area at issue in this condemnation) will assist in determining whether a specific migration pathway exists <u>in the western area of the field</u>, and whether the existence of any such pathway will in turn lead to discoverable evidence about the volume of gas in the Expansion Area or its value.

October 7, 2013 Memorandum and Order (Doc. 740), at 7 (emphasis added).

In so stating, the court was not finding or concluding that the location of a migration pathway <u>inside the Expansion Area</u> was irrelevant to issues of valuation in this condemnation. Nor did the court intend to limit presentation of evidence before the Commission about the existence of migration pathways <u>inside</u> the Expansion Area. Rather, the court's concern was directly related to whether Northern had adequately explained in its motion how such tests of wells located far outside the Expansion Area would assist an expert in determining migration pathways inside the Expansion Area.[1] Because the court's opinion does not find

---

[1] The court specifically noted that statements in a supporting affidavit to the motion for testing sounded more like the "Section 28" well tests were being sought

that evidence of a migration pathway <u>inside</u> the Expansion Area is irrelevant in determining valuation issues in this condemnation action, the court sees no need to strike anything from its prior opinion.

Northern's motion, however, also seeks an express statement from the court that evidence of the migration pathway is relevant to the valuation issue in this condemnation case. This is an evidentiary issue that will be decided by the Commission as it hears the evidence in this case and it would be inappropriate for the court to rule on that evidentiary issue at this stage of the proceedings.

Finally, as to whether the court misapprehended the intent of the comments by Northern's counsel at the September 4, 2013 status conference, Northern has now had the opportunity to explain those comments and there is no need for the court to further address that issue. As counsel for L.D. Drilling notes in the response, "there is no reason to quarrel over them now."

For the above reasons, the court denies the motion for reconsideration and

---

to determine issues of migration <u>outside</u> the Expansion Area and thus the ownership of gas in sections outside the storage field. This, of course, is not an issue in the present condemnation case

believes that any of the concerns expressed by Northern's motion have been addressed herein.

**IT IS SO ORDERED**.

Dated this 26th day of November, 2013, at Wichita, Kansas.

            *s/ DONALD W. BOSTWICK*
            Donald W. Bostwick
            U.S. Magistrate Judge