# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS )
COMPANY, )
                                   )
         Plaintiff, )
                                )
v. )    Case No. 10-1232-MLB-DWB
                                )
Approximately 9117.53 acres in )
Pratt, Kingman, and Reno Counties, )
Kansas and as further described )
herein; )
                                )
         Defendants. )

## MEMORANDUM AND ORDER

The Producer Defendants, L.D. Drilling, Inc., Nash Oil & Gas, Inc., and Val Energy, Inc., have filed a Motion for a Protective Order Regarding the Huff Landowner Group's Notices of Rule 30(b)(6) Depositions, asking the court to hold that the noticed depositions should not be taken pursuant to Fed. R. Civ. P. 26(c)(1)(A). (Doc. 912). The Huff Landowner Group has filed its Response (Doc. 926), and the Producers have filed a Reply. (Doc. 935). After reviewing the motion and briefs, the Court is prepared to rule.

## Factual Background

As the parties are well aware, this condemnation case has involved extensive discovery concerning both fact witnesses and expert witnesses, all of which has been regulated by the court through numerous status conferences and resulting numerous scheduling and status conference orders.  *See e.g.,* Doc No's 306, 359, 399, 508, 570, 646, 674, 728, 767, 808 and 851.  When the court submitted this condemnation case to a commission for hearings, the instructions directed the commission to determine just compensation independent from the number of interest owners or the various types of interest owners in a given tract, and the court would later apportion that compensation according to the respective interests of the various owners in each tract.  (Doc. 848, Instruction No. 8.)

After the hearings before the commission had concluded, and before the commission had issued its report, the parties unilaterally commenced discovery related to the question of whether certain oil and gas leases had expired or remained in full force and effect.  This discovery was initiated by the parties without any prior contact with or input from the court.

The first discovery was served July 3, 2014, by the Huff Landowner Group on all three of the producers and included both interrogatories and requests for

production of documents. (Doc. 876.) On July 24 & 25, one of the producers, Val Energy, served requests for admission, requests for production of documents and interrogatories directed to various landowners and also to Northern. (See Doc's 881 & 882). All of the Producer Defendants served responses to Huff Landowner Group's discovery requests on August 4, 2014 (Doc 's 883, 884 & 885), and the Huff Landowner Group served responses to Val Energy's discovery requests on August 22, 2014. (Doc. 887.)

After the commission filed its report, additional discovery was served by the Huff Landowner Group on September 5, 2014, including requests for production of documents and interrogatories to Pratt Well Service (Doc. 908), and the three Rule 30(b)(6) deposition notices to L.D. Drilling, Nash Oil & Gas and Val Energy (Doc's 909, 910 & 911), which are the subject of the present motion for a protective order.

### The Parties' Arguments

The Producer Defendants argue that the noticed depositions seek cumulative or duplicative information, except for a new request that the Rule 30(b)(6) deponents also state any "subjective beliefs and opinions" concerning their contentions about whether the oil and gas leases were valid leases on the date of taking in this condemnation. Producer Defendants also argue that the landowners

3

have had ample opportunity to obtain information about the lease validity issue previously during extensive discovery in the condemnation.  Finally, they argue that any benefit that might accrue from the Rule 30(b)(6) depositions would be outweighed by the burden and expenses the depositions would impose.  Thus, the Producer Defendants contend that the court is required to limit the requested discovery pursuant to Fed. R. Civ. P. 26(b)(2)(C) by prohibiting the taking of the noticed depositions.

The Huff Landowner Group first raises a procedural issue that the Producer Defendants have failed to confer in good faith prior to filing the motion for a protective order in violation of D. Kan. Rule 37.2, and therefore the motion should be denied on that ground alone.  They then argue that the proposed depositions are not unreasonably cumulative and are neither improper nor unduly burdensome.

In their Reply, the Producer Defendants further argue that the proposed Rule 30(b)(6) depositions are aimed at legal evaluations developed by the producers' attorneys, and as such they are protected by the work product and attorney-client privilege.

## DISCUSSION

While neither party mentions the court's prior scheduling orders and deadlines, it is clear that any fact discovery in this condemnation was to have been

completed a long time ago. At the May 22, 2013 status conference, the court inquired about any additional fact discovery and directed that the specific fact discovery identified by the parties be completed by August 19, 2013. (Doc. 674, at 2-3). At the subsequent status conference on September 4, 2013, the court again inquired about any further fact discovery. Northern identified depositions of Five Star Energy and Val Energy, and noted that it still had not been able to take the deposition of L.D. Davis. No other fact discovery was identified by any of the parties. (Doc. 728, at 2-3). Thereafter, discovery focused on the testimony of expert witnesses.

      While fact discovery was long ago closed, the court contemplated that in allocating the award of compensation among the various interest owners – such as landowners and oil and gas producers – the parties might be required to present additional evidence on matters separate from the valuation issues, such as whether certain oil and gas leases had terminated or not. (*See e.g.*, Transcript, Status Conference of April 10, 2014, Doc. 851 at 60.) However, none of the parties advised the court about any alleged agreement between landowners and producers to defer discovery on the issue of lease validity. Furthermore, none of the parties has requested permission to undertake additional fact discovery, and the court has not put into place any orders allowing additional fact discovery or setting any

related deadlines.

Instead, the briefs include statements that "the Huff Group and the Producers have always agreed . . . that discovery regarding this issue [lease validity] would be deferred until after the just compensation hearing was concluded." (Doc. 926, at 1-2; *see also* Doc. 926-1). The Huff Landowner Group argues that the Producer Defendants are now attempting to foreclose them from "obtaining the discovery that all parties assumed would be permitted." (Doc. 926, at 3). The Producer Defendants never specifically dispute the existence of the alleged "agreement" to forgo discovery on lease validity to a later date, but instead backhandedly refer to the noticed depositions as "belated post-trial discovery requests." (Doc. 935, at 3).

The briefs also contain conflicting descriptions concerning the adequacy of the Producer Defendants' prior responses to the paper discovery served by the Huff Landowner Group. The Producer Defendants argue that they have provided the Huff Landowner Group with all the relevant evidence the Huff Landowner Group asked about – all lease documents, all dates of production and shut-in, and all information about all shut-in royalty payments made. (Doc. 935, at 3-4). The Huff Landowner Group contends, however, that the Defendant Producers' responses to their interrogatories are "deficient" and are "significantly defective, incomplete, and evasive." (Doc. 926, at 7-8). In support of these arguments, they note the

extensive "general objections" posited by some of the Producer Defendants which courts in this district have characterized as invalid and worthless. (Doc. 926, at 8). However, the Huff Landowner Group never formally contested the adequacy of the Producers Defendants' responses by filing any motions to compel, and the time for filing any such motion has expired. *See* D. Kan. Rule 37.1(b).

Considering the fact that this condemnation action (and related state court proceedings and appeals) has been ongoing for some long time, the court understands and appreciates the parties' desire to move forward quickly to resolve any issues of lease validity. However, while well-meaning, the parties' unilateral and unauthorized submission of discovery requests concerning the issue of lease validity without prior court involvement, approval or control has resulted in wasteful and unnecessary cost and expense. Moreover, at least from the face of the 135 pages of briefs and attachments related to the pending motion, it appears that the parties have really done very little to meet and confer in a meaningful attempt to resolve any issues related to the adequacy of paper discovery or the real need for, or scope of, any possible Rule 30(b)(6) depositions.

After considering all of these matters, the court is not inclined to grant the motion for a protective order concerning the Rule 30(b)(6) depositions at this time. However, neither is the court inclined to allow the parties to continue with discovery

on the issue of lease validity without direct control by the court.  Accordingly, the motion for a protective order is hereby DENIED, without prejudice to renewal. However, in addition, the court hereby ORDERS that no further discovery is to be served or conducted, including the noticed Rule 30(b)(6) depositions, without further order of the court.

In reviewing the court file, it appears to the court that responses to all paper discovery have been served except (1) responses to the interrogatories and requests for production of documents served on September 5, 2014, from Huff Landowner Group to Pratt Well Service  (Doc. 908), and (2) responses to the requests for admission, requests for production and interrogatories served on July 25, 2014, from Val Energy to Northern Natural Gas.  (Doc. 882).  If Pratt Well Service and Northern Natural Gas have not yet responded to that discovery, they shall serve full and complete responses and/or specific objections concerning that discovery not later than **December 1, 2014.**

While the issue of lease validity and division of any award of just compensation is an important issue in these proceedings, the court does not intend for that issue to become a whole new lawsuit, particularly since it appears to the court that many of the fact issues related to that legal determination should be capable of agreement and stipulation.  Therefore, on or before **December 8, 2014**,

the parties are hereby directed to meet and confer <u>in person</u> about entry of a stipulation concerning certain basic facts related to the question of the validity of any of the oil and gas leases covering any of the tracts involved in this condemnation as of the date of taking – March 30, 2012.[1]  Specifically, any such stipulation should include at least the following factual information:

1. agreement about which oil and gas leases are in dispute, including identification of true and correct copies of all such oil and gas leases, and any subsequent modifications or amendments to those leases;

2. the date of initial production of oil and/or gas from each of the leases;

3. the date each oil and gas lease was shut-in and ceased production of oil and/or gas, including the date of last production of oil and/or gas from each lease;

4. whether any shut-in royalties were paid or tendered pursuant to any of the oil and gas leases and the dates of such payment or tender;

5. identification of any written or oral communications between representatives of the lessors and lessees of the leases concerning the payment or tender of shut-in royalty payments or the continued validity or invalidity of the leases;

---

[1] Because it does not appear that Northern Natural Gas Company is directly implicated in the division of any award of just compensation as between the lessors and the lessees of oil and gas leases covering tracts which are subject to this condemnation, Northern is not required to participate in attempts to reach a stipulation.  While the Huff Landowner Group has served discovery on the issue of lease validity, if any other landowners or landowner groups are also disputing the validity of any oil and gas leases on properties in which they own an interest, they shall be required to participate in the meet-and-confer session.

9

      6.      whether any of the leases which were shut-in were physically capable of production of oil and/or gas in paying quantities as of the date of the shut-in.

In addition, at this meet-and-confer session, the parties shall also attempt to reach an agreement concerning whether there is a need for any additional fact discovery desired by the Huff Landowner Group and/or the Producer Defendants pertaining to the validity of the oil and gas leases, and, if so, the precise nature and scope of such discovery, and the time frame within which such discovery can be completed.

Not later than **December 18, 2014**, the parties shall file a JOINT report concerning both their attempts to reach a stipulation and also the parties positions concerning additional discovery concerning the issue of lease validity. Counsel for L.D. Drilling shall submit the JOINT report for filing. After review of this JOINT report, the court will set a date for a status conference with counsel concerning future proceedings in this case.

**IT IS THEREFORE ORDERED** that the Motion for a Protective Order (Doc. 912), is hereby DENIED, without prejudice to renewal. In addition, the court hereby ORDERS that no further discovery is to be served or conducted, including the noticed Rule 30(b)(6) depositions, without further order of the court as set out

above. The parties are further ORDERED to meet and confer in person about the topics set out above in this Memorandum and Order and to report to the court by the deadline set in this Memorandum and Order.

Dated at Wichita, Kansas this 17th day of November, 2014.

s/ Donald W. Bostwick
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE
