IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS CO.,
    Plaintiff,

vs().                                                                                                       No. 10-1232-JTM

APPROX. 9117.53 ACRES,
    *et al.*,
        Defendants.

MEMEMORANDUM AND ORDER

This matter is before the court on the motion to dismiss brought by the Estate of L.D. Davis (Dkt 1068), which argues that the Estate was improperly substituted into the action following the May 27, 2016 death of L.D. Davis. Davis had been named as a defendant in this condemnation action because of his ownership interest in oil and gas leases held by L.D. Drilling Inc. On August 26, 2016, L.D. Drilling filed a combined Suggestion of Death and Motion for Substitution, which was subsequently granted by the Tenth Circuit, but the Estate argues that any substitution under Fed.R.Civ.Pr. 25 was void, because the motion and notice of hearing were not directly served on its personal representative.

Plaintiff Northern Natural Gas argues that this court is without jurisdiction to resolve the Estate's motion. Further, it argues that substitution should be deemed proper

under the facts of the case. In particular, Northern notes that the Certificate of Service for the substitution pleading indicates that it was mailed to Marilyn Davis as the "personal representative of L.D. Davis." It further notes that counsel for the L.D. Group of defendants has participated in associated litigation on behalf of entities specifically including the Estate. *See, e.g., N. Nat. Gas Co. v. L.D. Drilling, Inc.*, No. 08-CV-1405 (D. Kan.) (Dkt. 569, at 1) (L.D. Group pleading filed on behalf of "Marilyn M. Davis, Executrix of L.D. Davis's Estate, Probate Case No. 16-PR-70, District Court of Barton County, Kansas").

The court finds it is without jurisdiction to revisit the issue of substitution. The issue was resolved while the case was on appeal, and substitution was granted by order of the Tenth Circuit on August 29, 2016. The Estate has supplied no authority by which this court might revisit the issue.

However, even if the matter were properly before the court, the Estate's motion would be denied. The circumstances of the case strongly support the determination that no change parties before the court be allowed. Such circumstances include the lengthy delay during which the Estate failed to challenge the order of substitution, and while it participated in the litigation under representation by counsel for the L.D. Group. Northern has presented correspondence indicating that, after receiving the Estate's motion to dismiss, it contacted counsel for the L.D. Group, which responded:

> In terms of the suggestion of death we filed, we understood we had authority to file that motion. You are correct that thereafter we filed pleadings on behalf of Marilyn Davis as Executor of the LD Davis Estate as

a part of what we referred to as the "LD Drilling Group." The record of whatever we filed speaks for itself.

In its Reply, counsel for the Estate fails to directly controvert any of the facts presented by plaintiff as to the earlier representations by counsel for the L.D. Group that they were acting on behalf of the Group and the Estate. Indeed, the Estate carefully observes that it "is not necessarily claiming that counsel for the L.D. Group acted without authority when it filed its suggestion of death and motion for substitution." (Dkt. 1078, at 5). Instead, the Estate seeks to focus solely on the narrow fact of a lack of service on the effect of a failure to personally serve the Executrix, relying the text of Rule 23 and on decisions such as *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1982), which concluded that the "failure to properly serve a motion to substitute in accordance with Rule 4 results in the court's lacking personal jurisdiction over the nonparty").

This court has agreed with the conclusion in *Ransom*, and observed that service on a decedent's attorney may not be sufficient. "[I]f a defendant dies during a pending lawsuit, plaintiff must serve a suggestion of death on all parties and the *personal representative* of decedent's estate—it is insufficient for plaintiff to serve the attorney for the estate (even if the attorney for the defendant is also the attorney for the defendant's estate)." *Sloan v. Overton*, No. 08-2571-JAR-DRW, 2010 WL 398108, at *7 n. 60 (D. Kan. Jan. 25, 2010) (citing *Ransom* and *Grandbouche v. Lovell*, 913 F.2d 835, 836–37 (10th Cir.1990)) (emphasis in *Sloan*).

But this does not resolve the issue, since the failure to adhere to the provisions of Rule 23 merely creates an affirmative defense which can be waived. *See Internat'l*

3

*Brotherhood of Teamsters v. Frontier Airlines*, 2014 WL 12741117, *2 (D. Col. Sept. 16, 2014) (citing *Ransom*, but concluding that allowing substitution "because personal jurisdiction can be waived"); *In re Chiquita Brands*, 2017 WL 5308031, *6 n. 9 (S.D. Fla. July 5, 2017) (finding *Ransom* was not controlling as that case "did not involve a waiver of the service requirements made through counsel").

The Estate avoids any suggestion that it did not know of the substitution, nor has it made any showing that counsel for L.D. Group acted without authority. Considering all the circumstances in the case, the court finds that the issue of substitution should not be revisited.

IT IS ACCORDINGLY ORDERED this 15th day of May, 2018, that the Motion to Dismiss of the Estate (Dkt. 1068) is hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE