IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS CO.,
                Plaintiff,

    v.

APPROXIMATELY 9117.53 ACRES in Pratt,             No. 10-1232-JTM
Kingman, and Reno Counties, Kansas,
as further described herein; *et al.*,
                Defendants.


MEMORANDUM AND ORDER


This matter is before the court on the motions of the various defendants (Producer Defendants Dkt. 1102, joined by other defendants in Dkt. Nos. 1103, 1106, and 1108) which generally argue that the court erred, in resolving the dispositive motions in this condemnation action for land containing stored natural gas, by considering matters outside the evidentiary record. Defendants argue that it was unfair to take account of evidence cited by plaintiff Northern Natural Gas which addressed issues which went outside the existing record.[1]

Defendant's motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has

---

[1] Also before the court is the Motion to Alter and Amend (Dkt. 107, joined Dkt. 109) which the court will address by separate Order.

obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court finds that the defendants' motions should be denied. In each instance, the court finds that the information presented by Northern and referenced by the court was not novel information, unfairly presented to the court without the opportunity for defendants to respond. To the contrary, the evidence, including the affidavit by the plaintiff's expert Randal Brush, reflects mathematical calculations "based on the information accepted by the Commission during the Condemnation proceedings and adopted by the Court, and on publicly available information." (Dkt. 1080-1, ¶ 5). Nor, as Northern notes in its response, do defendants identify any particular information in Brush's affidavit which does indeed present new and extrinsic evidence.

Similarly, the court finds no error in reference to the affidavits attached by Northern in its response to the defendant's memorandum. Such affidavits were appropriate to correct the record with respect to the Commission's actual findings and

the weight to assign Dr. Boehm's testimony, and to contradict the defendants' calculation, which did not calculate oil and gas values based on evidence before the Commission *and* using the Commission's approved methodology.

In its opinion, the court expressly determined that Brush used the same methodology as that employed by the Commission, and that he applied that methodology to the evidence presented to the Commission. (Dkt. 1100, at 5). The challenged evidence otherwise reflects mathematical calculations based on that evidence, and the court finds no error or unfair prejudice in its consideration.

IT IS ACCORDINGLY ORDERED this day of April, 2019, that the defendants' Motions to Reconsider (Dkt. 1102, 1103, 1106, 1108) are hereby denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge