IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS CO.,
           Plaintiff,

v.

APPROXIMATELY 9117.53 ACRES in Pratt,          No. 10-1232-JTM
Kingman, and Reno Counties, Kansas,
as further described herein; *et al.*,
           Defendants.


MEMORANDUM AND ORDER


This matter is before the court on the motion to alter or amend of the Huff Group of owner defendants (Dkt. 1107, joined by other defendants in Dkt. Nos. 1109, 1111) which generally argue that the court erred, in resolving the dispositive motions in this condemnation action for land containing stored natural gas, by allowing a set off to plaintiff Northern Natural Gas without compensation or reduction based upon the fractional interest the owners had in the condemned tracts.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence.

*Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court court hereby denies the defendants' motions. The set off in the present action was approved pursuant to Kansas Law, as recognized in *Union Gas Systems v. Carnahan*, 245 Kan. 80, 88, 774 P.2d 962 (1989). *See* Order, Dkt. 1100, at 10-11. The Kansas Supreme Court in *Union Gas* recognized the plaintiff producer should have "a setoff against the award" for the "the value of its injected gas." 245 Kan. at 86, 88. This value was determined to be "the selling price [of the gas] less its share of the cost of production, including a reasonable rental for the use of the [owner] DeTars' land." *Id*. The court approved such setoff even though the DeTars retained only a 15% royalty on gas produced from the property. *Id*. at 82.

Kansas law recognizes setoff as an equitable remedy. *See Westar Energy, Inc. v. Wittig*, 44 Kan. App. 2d 182, 200, 235 P.3d 515, 527 (2010). It is "a matter of grace, and the question whether a setoff should be decreed rests in the sound discretion of the court to which the application is made." *Mynatt v. Collis*, 274 Kan. 850, 881, 57 P.3d 513, 535 (2002). Setoff is appropriate in the present case to avoid a forefiture, *Union Gas*, 245 Kan. at 88, and the court finds that the plaintiff is entitled to be made whole by setoff without

2

reference to the fractional royalty interest of particular defendants. The court finds no manifest injustice in requiring a set off under the circumstances of the case.

The court further finds that the argument advocating equitable apportionment is newly advanced, and not proper grounds for reconsideration. The plaintiff articulated its claim to set-off under *Union Gas* at length prior to the court's Order, including calculations as to the specific amounts owed for each tract by all interest owners in the tract. (Dkt. 1080, at 8-9). The same pleading explicitly provides calculations for just compensation for each tract condemned (*id.*, at 12-13), and a list of tracts for which "no Just Compensation is owed" once the set-off was applied. (*Id.* at 14). The clear effect of plaintiff's claim and calculations was that the set-off should apply irrespective of the relevant fractional interests of the defendants. The defendants did not in response argue for a different result based on equitable fractional interest apportionment, and the court denies the motions belatedly invoking the argument.

IT IS ACCORDINGLY ORDERED this day of June, 2019, that the defendants' Motions to Reconsider (Dkt. 1107, 1109, 1111) are hereby denied.

<br>

                                                  s/ J. Thomas Marten
                                                  J. Thomas Marten, Judge